Argued May 25, reversed and remanded July 30, reconsideration denied September 13, petition for review denied October 30, 1979 (288 Or 1)

# THORNTON,
*Appellant,*
*v.*
## HAMLIN,
*Respondent,*
(No. 51363, CA 12680)

597 P2d 1307

Stuart M. Brown, Eugene, argued the cause for appellant. With him on the brief were Young, Horn, Cass & Scott, Eugene, and Orlando John Hollis, Eugene.

Paul D. Clayton, Eugene, argued the cause for respondent. With him on the brief was Luvaas, Cobb, Richards & Fraser, P.C., Eugene.

Before Schwab, Chief Judge, and Lee, Gillette, and Campbell, Judges, and Peterson, Judge Pro Tempore.

CAMPBELL, J.

## CAMPBELL, J.

This action for personal injuries arose out of an accident on February 19, 1976, involving a truck driven by plaintiff and a snowplow operated by defendant Hamlin, an employe of defendant Oregon State Department of Transportation. Plaintiff appeals from a summary judgment entered for defendant Hamlin on the ground that plaintiff failed to give proper notice of his claim under the Oregon Tort Claims Act, former ORS 30.275(1). Defendant Hamlin argues that regardless of the sufficiency of the notice issue he is immune from liability under the facts of this case. We reverse and remand.

> Plaintiff's amended complaint alleged in part that
> "[p]laintiff's injuries are covered and compensable under the provisions of the Workers' Compensation Law. The defendants who caused plaintiff's injuries are third persons who were not the employer of plaintiff nor employed by plaintiff's employer at the time of the injury."

At the time of the accident, ORS 30.265(2)(b) provided:
> "(2) Every public body is immune from liability for:
> " * * * * *
> "(b) Any claim for injury to or death of any person covered by any workmen's compensation law."

Defendant Hamlin first argues that we should construe the Tort Claims Act as it read at the time to grant immunity to state officers, employes and agents coextensive with that of the state. He points out that Oregon Laws 1975, ch 609, which amended the Tort Claims Act, required the state to indemnify its officers, employes and agents against tort claims arising out of acts or omissions occurring in the performance of duty. Therefore, he contends, the liability imposed upon the state by indemnity is in essence a waiver of the state's general immunity. His argument concludes that to interpret former ORS 30.265 as failing to extend the immunities of the public body to its officers

[365]

employes and agents would be contrary to the legislative purpose. We disagree. We find no indication that by Oregon Laws 1975, ch 609 the legislature intended to extend the scope of immunity of a public body's officers, employes and agents so far. When the legislature intended to do so, it spoke explicitly. See Oregon Laws 1977, ch 823, § 2. Defendant then suggests that the failure to extend this immunity was an "oversight" by the 1975 Legislature. This court's duty, however, is to ascertain what the legislature has done, not what it should have done. *See Sunshine Dairy v. Peterson*, 183 Or 305, 193 P2d 543 (1948). We cannot supply essential elements of a statutory scheme omitted by mistake or design. *Dilger v. School District 24 CJ*, 222 Or 108, 352 P2d 564 (1960).

Oregon Laws 1977, ch 823, § 2, which took effect October 4, 1977, amended ORS 30.265(3) to read:
"Every public body and its officers, employes and agents acting within the scope of their employment or duties are immune from liability for:
    "(a) Any claim for injury to or death of any person covered by any workmen's compensation law.
    " * * * * *"

■■ Subsequent to the effective date of this amendment, plaintiff filed his complaint. Defendant Hamlin argues that we should apply the 1977 amendments retroactively so as to bar plaintiff's cause of action, which accrued on February 19, 1976. These amendments are silent on their retroactive effect. In such cases we do not construe statutes to apply retroactively "if such construction will impair existing rights, create new obligations, or impose additional duties with respect to past transactions." *Derenco v. Benj. Franklin Fed. Sav. and Loan*, 281 Or 533, 539 n.7, 577 P2d 477 (1978). Here, in cutting off plaintiff's previously accrued cause of action, such retroactive application would impair an existing right belonging to plaintiff. We conclude that defendant Hamlin is not immune from liability for plaintiff's injuries.

[366]

Plaintiff contends that the trial court erred in finding that under former ORS 30.275(1) presentation of a notice of claim against defendant Hamlin was a jurisdictional prerequisite to the maintenance of a suit against him. Plaintiff argues further that if such notice was required, the notice he submitted complied with the statute.

At the time plaintiff's cause of action accrued, ORS 30.275 provided in pertinent part:

"(1) Every person who claims damages from a public body for or on account of any loss or injury within the scope of ORS 30.260 to 30.300 shall cause to be presented to the public body within 180 days after the alleged loss or injury a written notice stating the time, place and circumstances thereof, and the amount of compensation or other relief demanded. Claims against the State of Oregon or a state officer, employe or agent acting within the scope of his employment or duties shall be presented to the Attorney General. * * *
" * * * * *

"(3) No action shall be maintained unless such notice has been given and unless the action is commenced within two years after the date of such accident or occurrence. * * *"

On August 10, 1976, within 180 days of the accident, plaintiff sent the Attorney General the following notice.

"This office represents Marvin O. Thornton. Mr. Thornton was injured on February 19, 1976 when the truck he was driving was struck by an Oregon Highway Department snowplow driven by William Hamlin near the Santiam Pass on Highway 126.

"Notice is hereby given that Mr. Thornton makes claim against the state for all damages resulting from the accident. At this time the amount of the claim is undetermined, but may exceed $100,000.
" * * * * * *"

Defendant Hamlin argues that the notice was insufficient, since it failed to state that plaintiff claimed damages against Hamlin.

[367]

The purpose of the notice requirement is to give the public body the opportunity to investigate the alleged tort promptly and thoroughly. *Urban Renewal Agency v. Lackey,* 275 Or 35, 549 P2d 657 (1976). The benefit of this notice is thus intended to inure to the state, not to its officers, employes or agents. We conclude that defendant Hamlin was not entitled to notice under former ORS 30.275.[1]

Reversed and remanded.

---

[1] ORS 30.275(1) was amended by Oregon Laws 1977, ch 823, § 3 to provide:

"Every person who claims damages from a public body *or from an officer, employe or agent of a public body acting within the scope of his employment or duties* for or on account of any loss or injury within the scope of ORS 30.260 to 30.300 shall cause to be presented to the public body within 180 days after the alleged loss or injury a written notice stating the time, place and circumstances thereof, the name of the claimant and his representative or attorney, if any, and the amount of compensation or other relief demanded. Claims against the State of Oregon or a state officer, employe or agent shall be presented to the Attorney General * * *." (Emphasis added.)

We express no opinion on the effect of the amendment.