Argued and submitted January 14,
affirmed March 24, reconsideration denied May 8,
petition for review allowed June 17, 1980
See later issue Oregon Reports

SMITH,
*Appellant,*
*v.*
PERNOLL, et al,
*Respondents.*

(No. A7804-05907, CA 14972)

608 P2d 590

Kenneth D. Orcutt, Portland, argued the cause for appellant. With him on the briefs was Richard S. Mannis, Portland.

Karen H. Green, Assistant Attorney General, Salem, argued the cause for respondents. On the brief were James A. Redden, Attorney General, Walter L. Barrie, Solicitor General, and James C. Rhodes, Assistant Attorney General, Salem.

Before Joseph, Presiding Judge, Richardson, Judge, and Schwab, Chief Judge.*

RICHARDSON, J.

---

*Schwab, C.J., *vice* Lee, J., deceased.

## RICHARDSON, J.

This is a civil suit alleging malpractice against defendant doctors, who are employes of the State of Oregon. The issue is whether the plaintiff must present notice of the tort claim within 180 days of its occurrence under ORS 30.275[1] when the state employes are sued individually but the state is not joined as a defendant.

Plaintiff's cause of action arises out of allegedly negligent surgery performed by defendants. Plaintiff's first complaint alleged the defendants were agents of the state. Defendants' demurrer to the complaint, on the ground it failed to plead that a notice was given pursuant to ORS 30.275, was sustained. Plaintiff filed an amended complaint deleting the allegation of agency. Defendants answered and affirmatively alleged that the required notice was not given to the state. Plaintiff's demurrer to the affirmative defense was overruled and judgment was entered for defendants. Plaintiff's claim of error is that the demurrer should have been allowed because notice to the state was unnecessary.

This is a case of first impression and because of the present wording of the statute it is probably a case of last impression as well. Plaintiff contends that because she sued the defendants individually there was no need to present a notice of claim to the state. She argues that the notice statute as it read in 1976 did not require such notice and that the 1977 amendments added the notice requirement where it did not previously exist.

At the time of the alleged malpractice, the statute, ORS 30.275, read:

"(1) Every person who claims damages *from a public body* for or on account of any loss or injury within the scope of ORS 30.260 to 30.300 shall cause

[1] Unless otherwise indicated all statutory references are to Oregon Revised Statutes 1975.

to be presented to the public body within 180 days after the alleged loss or injury a written notice stating the time, place and circumstances thereof, and the amount of compensation or other relief demanded. Claims against the State of Oregon or a state officer, employe or agent acting within the scope of his employment or duties shall be presented to the Attorney General. Claims against any other public body shall be presented to a person upon whom process could be served in accordance with subsection (3) of ORS 15.080. Failure to state the amount of compensation or other relief demanded does not invalidate the notice.

"* * * * *." (Emphasis added.)

Pleading and proof of tort claim notice is a condition precedent to recovery under the Tort Claim Act. *Urban Renewal Agency v. Lackey*, 275 Or 35, 549 P2d 657 (1976); *Fry v. Willamalane Park & Rec. Dist.*, 4 Or App 575, 481 P2d 648 (1971). The policy behind the 180 day notice requirement is to afford the public body timely notice of the alleged tort to allow its officers an opportunity to investigate all matters promptly and ascertain the facts before they become stale. *Urban Renewal Agency v. Lackey, supra.*

By operation of the Act the public body becomes directly involved in suits against its employes regardless of whether the public body itself is a named defendant. The public body is liable for the torts of its employes acting within the scope of their employment, ORS 30.265(1), and has an obligation to defend its employes in such civil suits, ORS 30.285(1), as well as to indemnify them, ORS 30.285.

To interpret ORS 30.275 to require notice where the state is joined as a party, but not to require it where the state employes are sued individually, would constitute a manifest contradiction of the policy behind the notice provisions. Such a reading would also allow a claimant to circumvent the notice requirement of the statute. The notice requirements could be circumvented by a simple omission in the pleadings without changing the nature of the suit.

A public body by its nature acts through its human implementers. The public body's liability can only be that of principal for the acts or omissions of its agents and employees. The purpose of the notice requirement is to protect the public body and the public funds it administers. It needs no less protection when it is not named as a defendant than when it is. To accord such a reading to the statute would be to ignore its purpose.

There are further indications within ORS 30.275 that the public body is to be notified of suits brought against its employes. The third sentence states that notice of:

"* * *Claims against the State of Oregon or a state officer, employe, or agent acting within the scope of his employment or duties shall be presented to the Attorney General.* * *"

This sentence, added in 1975, Oregon Laws, ch 609, § 14, indicates a legislative intent that in either situation the state would receive, through the Attorney General, notice of the claim.

In addition, ORS 30.285, after setting forth the derivative liability of the public body for actions of its employes and the duty to defend and indemnify them, states that:

"* * * * *

"(7) Nothing in subsection (3), (4) or (5) of this section shall be deemed to increase the limits of liability of any public officer, agent or employe under ORS 30.270, *or obviate the necessity of compliance with ORS 30.275 by any claimant * *.*"

Subsections (3), (4) and (5) deal with situations where employes are sued as individuals and the attorney general is given the obligation to defend if his investigation discloses the tort claim involved employes in performance of their duties. Subsection (7) indicates that these provisions require a notice under ORS 30.275 even if the public body is not joined as a defendant in the pleadings. A harmonious reading of the provisions of the Act indicate a legislative intent to

[399]

require notice if employes of public bodies are sued individually if the claimed tort arose out of their duties as employes. Plaintiff, in her first complaint, alleged the named defendants were agents of the state, and defendants, in their answer, alleged they were acting in the scope of their employment during the operation. *See* ORS 30.285(3).

In construing a statute the office of the court is to discern and declare the intent of the legislature, ORS 174.010; 174.020; *Fifth Avenue Corp. v. Washington Co.*, 282 Or 591, 596, 581 P2d 50 (1978), and to accomplish the purpose for which the statute was enacted. It is an indication that the suggested interpretation cannot be the one intended by the legislature where it reaches an anomalous or incongruous result. *James v. Carnation Co.*, 278 Or 65, 72-73, 562 P2d 1192 (1977); *Pacific P. & L. v. Tax Com.*, 249 or 103, 110, 437 P2d 473 (1968).

In 1977, ORS 30.275 (1) was amended, Oregon Laws 1977, ch 823, § 3, to read:

> "Every person who claims damages from a public body *or from an officer, employe or agent of a public body acting within the scope of his employment or duties* for or on account of any loss or injury within the scope of ORS 30.260 to 30.300 shall cause to be presented to the public body within 180 days after the alleged loss or injury a written notice stating the time, place and circumstances thereof, the name of the claimant and his representative or attorney, if any, and the amount of compensation or other relief demanded.* * *" (Emphasis added.)[2]

Plaintiff argues that this amendment materially changed the meaning of the statute. This argument is not supported by the legislative history of House Bill 3106 (amending ORS 30.275). From the reports of the Senate and House Judiciary Committees, it appears

---

[2] The 1979 amendments to ORS 30.275, Oregon Laws 1979, ch 284, § 64, did not change the language which is construed herein.

that the purpose of this amendment was to spell out more clearly the notice requirements. It was a housekeeping measure designed to remove any uncertainty or ambiguity. We conclude the demurrer was properly overruled.

Affirmed.

### JOSEPH, P.J., dissenting

I quote from appellant's reply brief:

"As the briefs in this case readily demonstrate, the legislature's actions over the years concerning ORS 30.275 have been varied and confusing. This court cannot supply essential elements of a statutory scheme omitted by mistake or design. *See Thornton v. Hamlin,* 41 Or App 363, 597 P2d 1307 (1979). Without any proof of legislative intent, as to the 1975 amendment, this court should interpret the 1975 version of ORS 30.275 consistently with the rest of the Oregon Tort Claims Act. That is, the act should be construed consistently with the definition of 'public body' within the act itself."

To that all that needs be added is that the majority's quotation from ORS 30.285(7), *supra* at 399, and the emphasized portion thereof, is a very weak reed. All that language says is that if the notice requirement of ORS 30.275 applies, it still applies even if individuals are sued.

Once again we are doing the legislature's work better than it did it, and I dissent.