Argued and submitted August 1, affirmed October 6,
reconsideration denied November 6, 1980,
petition for review allowed January 13, 1981

**BROWN,**
*Appellant,*

*v.*

**PORTLAND SCHOOL DISTRICT NO. 1, et al,**
*Respondents.*

(No. A7906-03047, CA 17422)

617 P2d 665

Gerald R. Pullen, Portland, argued the cause and filed the brief for appellant.

William B. Crow, Portland, argued the cause for respondent Portland School District No. 1. With him on the brief was Miller, Nash, Yerke, Wiener & Hager, Portland.

Michael E. Judd, Assistant County Counsel, Oregon City, argued the cause for respondent Clackamas County. With him on the brief was Clackamas County Counsel, Oregon City.

Before Joseph, Presiding Judge, and Warden and Warren, Judges.

JOSEPH, P.J.

**JOSEPH, P.J.**

Plaintiff brought this action against Portland School District No. 1 and Clackamas County for damages for personal injuries arising from an automobile accident that occurred in 1978. The complaint alleged that notice of the claim was sent by first class mail to the clerk of the school district and that the letter was actually received by that defendant and "processed and investigated *** as a tort claim." The complaint also alleged that notice was twice sent to Clackamas County by first class mail: first, to the Clackamas County Highway Maintenance Division, and, subsequently, to the County Clerk. It was alleged that both of those notices were actually received by defendant and "processed and investigated *** as a tort claim."

Defendants each demurred on the ground that the complaint did not state facts sufficient to constitute a cause of action because plaintiff failed to plead compliance with the notice provisions of ORS 30.275(1). The trial court sustained the demurrers. Plaintiff failed to plead further, and the complaint was dismissed. Plaintiff appeals from the judgment order of dismissal. We affirm.

■ Plaintiff first argues that the notice pleaded was sufficient under ORS 30.275(1). He relies on cases decided by this court and the Supreme Court which held substantial compliance sufficient for the statutory notice requirements under former versions of ORS 30.275(1). *Croft v. Gulf & West./Highway Comm.*, 12 Or App 507, 506 P2d 541 (1973); *Urban Renewal Agency v. Lackey*, 275 Or 35, 549 P2d 657 (1976). In 1977, ORS 30.275(1) was amended by the legislature (Or Laws 1977, ch 823) to read:

> "(1) Every person who claims damages from an officer, employe or agent of a public body acting within the scope of his employment or duties for or on account of any loss or injury within the scope of ORS 30.260 to 30.300 shall cause to be presented to the public body within 180 days after the alleged loss or injury a written notice stating the time, place and circumstances thereof, the name of the claimant and his representative or attorney, if any, and the amount

of compensation or other relief demanded. Claims against the State of Oregon or a state officer, employe or agent shall be presented to the Attorney General. Claims against any local public body or an officer, employe or agent thereof shall be presented to a person upon whom process could be served upon the public body in accordance with subsection (3) of ORS 15.080. Notice of claim shall be served upon the Attorney General or local public body's representative for service of process either personally or by certified mail, return receipt requested. A notice of claim which does not contain the information required by this subsection, or which is presented in any other manner than herein provided, is invalid, except that failure to state the amount of compensation or other relief demanded does not invalidate the notice."

We concluded in *Yunker v. Mathews,* 32 Or App 551, 556, 574 P2d 696 (1978), that the legislative purpose of the 1977 amendments was to

"*** require that the notice state the time, place and circumstances of the alleged tort, and that it be served upon the person designated and in the manner designated."

Unlike the situation in *Stroh v. SAIF,* 261 Or 117, 492 P2d 472 (1972), here the legislative purpose that notice conform to the statutory requirements is clearly stated. Those requirements were not met. *See Dowers Farms v. Lake County,* 288 Or 669, 607 P2d 1361 (1980).[1]

---

[1] After 1979 amendments, Or Laws 1979, ch 284, § 64, ORS 30.275(1), reads:

"Every person who claims damages from a public body or from an officer, employe or agent of a public body acting within the scope of employment or duties for or on account of any loss or injury within the scope of ORS 30.260 to 30.300 shall cause to be presented to the public body within 180 days after the alleged loss or injury a written notice stating the time, place and circumstances thereof, the name of the claimant and the representative or attorney, if any, of the claimant and the amount of compensation or other relief demanded. Claims against the State of Oregon or a state officer, employe or agent shall be presented to the Attorney General. Claims against any local public body or an officer, employe or agent thereof shall be presented to a person upon whom process could be served upon the public body in accordance with ORCP 7 D.(3)(d). Notice of claim shall be served upon the Attorney General or local public body's representative for service of

■ ■   Plaintiff argues that by receiving notice of the claim by first class mail, instead of by personal services or certified mail, and allegedly "processing and investigating" it, defendants were estopped to contend that the notice was invalid. He maintains that defendants' actions fall under the doctrine of estoppel by "standing by without action." *Belleville v. Davis,* 262 Or 387, 498 P2d 744 (1972). In *Belleville,* a specific performance case, the court recognized that type of estoppel, quoting Prosser, Torts 692-93, § 105 (4th ed):

> "The second branch does not depend upon positive misrepresentation, but is based upon a mere failure to take action. It arises where the party 'stands by' and allows another to deal with his property, or to incur some liability toward him, without informing the other of his mistake. Thus he may not remain silent when he sees his goods sold to a stranger, or improvements made upon his land, and still enforce his rights against the innocent wrongdoer. The law of estoppel creates a duty to speak, under penalty of loss of the right to assert the truth at a later time. Since in such a case there is no active misleading of the other party, who has misled himself, the courts have insisted upon some fault in connection with the conduct of the one to be estopped. There is no estoppel where he had remained silent reasonably and in good faith; he must be aware of his rights, and must realize that the other is about to act under a mistaken belief. Thus this branch of estoppel requires either an intent to mislead or unreasonable conduct amounting to negligence in failing to act, rather than the strict responsibility imposed in estoppel by misrepresentation." 262 Or at 398, n 6.

Plaintiff has not alleged that the defendants were guilty of "unreasonable conduct amounting to negligence in failing to act" or "an intent to mislead." Apparently, the only "standing by without action"

___

process either personally or by certified mail, return receipt requested. A notice of claim which does not contain the information required by this subsection, or which is presented in any other manner than provided in this section, is invalid, except that failure to state the amount of compensation or other relief demanded does not invalidate the notice."

claimed was that defendants did not inform plaintiff that his notice did not comply with the statute.[2]

■■ Finally, plaintiff claims that the notice requirement violated equal protection by its disparate treatment of public tortfeasors and private tortfeasors, the former being afforded the protection of notice provisions which do not apply to the latter. In *Bock v. Bend School Dist. No. 1,* 252 Or 53, 55, 448 P2d 521 (1968), the court stated:

> "*** [A] statutory classification denies equal protection of the laws if its unequal application to members of the same class has no rational basis in terms of the purposes of the act, or if the statute discriminates without any such rational basis between those to whom it applies and others similarly situated whom it excludes. (Citations omitted.)

*See also, Olsen v. State ex rel Johnson,* 276 Or 9, 17, 554 P2d 139 (1976). A statutory classification will not be set aside if any state of facts reasonably may be conceived to justify it. *McGowan v. Maryland,* 366 US 420, 81 S Ct 1101, 6 L Ed 2d 393 (1961); *see Salahub v. Montgomery Ward,* 41 Or App 775, 599 P2d 1210 (1979). Among the purposes of the notice statutes is to provide public bodies an opportunity to investigate promptly the merits of the claim ( *Urban Renewal Agency v. Lackey, supra; Thornton v. Hamlin,* 41 Or App 363, 597 P2d 1307 (1979)) and to aid in obtaining liability insurance protection and adjusting claims.[3] *Dowers Farms v. Lake County, supra.* Those purposes are reasonable, and therefore the notice requirements do not constitute an arbitrary and unconstitutional exercise of legislative power.

Affirmed.

---

[2] Plaintiff also argues that defendants waived their right to require notice by certified mail. Pleading notice sufficient to satisfy the requirements of ORS 30.275(1) is jurisdictional. *Urban Renewal Agency v. Lackey, supra; Smith v. Pernoll,* 45 Or App 395, 608 P2d 590, *rev allowed* 289 Or 275 (1980). Even if defendants could have waived the notice requirement ( *see Urban Renewal Agency v. Lackey, supra,* at 40, n 4), plaintiff did not allege any facts showing that defendants had done so. *Waterway Terminals v. P.S. Lord,* 242 Or 1, 406 P2d 556 (1965).

[3] In *Urban Renewal Agency v. Lackey, supra,* the court stated:

"The Oregon Tort Claims Act, which became effective July 1, 1968, including ORS 30.275(1), was based largely upon the Minnesota Tort Claims Act. *See* Lansing, The King Can Do Wrong! The Oregon Tort Claims Act, 47 Or L Rev 357, 359 (1968). It is thus of interest to note that the Supreme Court of Minnesota, in *Seifert v. City of Minneapolis,* 298 Minn 35, 213 NW2d 605, 606 (1973), held that the principal purpose of the Minnesota Tort Claims Act is:

" '*** [T]o protect against dissipation of public funds by requiring that the municipality be promptly furnished with information concerning a claim against it so that full opportunity is provided to investigate it, to settle those of merit without litigation, and to correct any deficiency in municipal functions revealed by the occurrence. By timely service of notice, the municipality is also afforded protection against stale or fraudulent claims or the connivance of corrupt employees or officials.' "