Argued and submitted December 3, 1980,
reversed and remanded April 21, 1981

BRADFORD, aka Groner,
*Petitioner,*
*v.*
DAVIS et al,
*Respondents.*

(TC A7810 16902, CA 14381, SC 27169)

626 P2d 1376

Alan Baily, Legal Aid Service, Portland, and Robert L. Walker, National Center for Youth Law, San Francisco, CA, argued the cause for petitioner. With them on the briefs were Michael H. Marcus, Legal Aid Service and Julie H. McFarlane, Certified Law Student, Legal Aid Service, and Abigail English, National Center for Youth Law.

Ridgway K. Foley, Jr., Portland, argued the cause for respondents. With him on the brief were Souther, Spaulding, Kinsey, Williamson & Schwabe, Kenneth E. Roberts, and Jan K. Kitchel.

Before Denecke, Chief Justice, and Lent, Linde, Peterson, and Campbell, Justices.

LINDE, J.

## LINDE, J.

Plaintiff sued the director of the Department of Human Resources, a number of officers and employees of the Children's Services Division and the division itself to recover damages for injuries which he claims to have suffered as a child in the legal custody of the division. The circuit court sustained defendants' demurrers to the complaint and entered judgment for defendants. The Court of Appeals affirmed the judgment, 46 Or App 213, 611 P2d 326 (1980), and we allowed review. We reverse and remand the case to the circuit court.

The complaint presents a detailed statement of allegations common to several or all of plaintiff's legal claims, followed by statements of four causes of action. We take the following summary from the opinion of the Court of Appeals:

"Plaintiff, who was 17 years old when suit was filed on October 17, 1978, became a ward of Multnomah County shortly before his fourth birthday in 1964. He was released to the custody of CSD's predecessor, the Family and Children's Services Department of the Public Welfare Division, in 1968, after both of his parents had signed adoptive release forms. From September 10, 1968 until October 7, 1977, when he was committed to MacLaren Training School, plaintiff continuously resided in foster homes where he was placed by CSD.

"The complaint alleges that from March, 1969, until August, 1973, plaintiff remained in a foster home where he suffered both physical abuse and neglect.

"The complaint further alleges that these physical injuries as well as emotional injuries described therein were the result of acts and omissions of defendants which are set out in four causes of action. Plaintiff's allegations are essentially as follows:

"1) That, in discharging statutory or other responsibilities, defendants, except defendant Spencer who is described as Manager of CSD's Adoption Unit, have 'failed properly to exercise that degree of professional skill required of ordinary, prudent social workers, caseworkers, supervisors, and administrators * * *.' The cause of action goes on to list a series of acts and omissions of defendants during the time that plaintiff was in the foster home where he was allegedly abused. . . .

"2) That, in discharging statutory and other responsibilities, defendants have 'failed to take reasonable actions to find plaintiff an adoptive home.'

"3) That defendant CSD breached a third party beneficiary contract with plaintiff's parents in which CSD promised to find plaintiff an adoptive home in consideration for the parents' relinquishment of their parental rights.

"4) That defendants, except defendant Spencer who had responsibility for plaintiff's case after 1972, contrary to their statutory obligation, failed to report and investigate a complaint which they received from a third party in 1972 about the mistreatment of plaintiff in his foster home."

46 Or App at 215-217 (footnotes omitted).

The trial court sustained the demurrers of all defendants on the ground that all the alleged causes of actions were "essentially tort actions and governed by the Oregon Tort Claims Act," and that plaintiff had failed to allege facts to show that he had given the notice of his claims required by that act. On appeal, defendants conceded that their objections to the timeliness of the complaint applied only to two of the four causes of action, those relating to the alleged mistreatment of plaintiff in foster homes prior to August 1973 and failure to follow up a complaint about that mistreatment in 1972. They relied on the "discretionary functions" exception of the Tort Claims Act, ORS 30.265(3)(c), to sustain the demurrer to the second and third causes of action, which allege defendants' failure to find plaintiff an adoptive home. The Court of Appeals accepted this defense.

Plaintiff asserts that the time limits of the Tort Claims Act do not, and constitutionally cannot, insulate these defendants from liability to a minor in his position, that their alleged departures from their duties were not discretionary, and that in any event his third cause of action lies outside the Tort Claims Act. We take up the issues in that order.

## I. *The Tort Claims Act*

ORS 30.265 makes "every public body" liable for two classes of torts, one described as "its torts" and the other described as "those of its officers, employes and

agents acting within the scope of their employment or duties."[1] Recognizing that the state and its subdivisions and agencies act only through human agents, it appears that a public body's liability for "its torts" under this section states the public body's direct responsibility for its official actions or failures to act, if these are tortious and not excluded by other provisions, while its statutory liability for the torts of its personnel as individuals states a form of respondeat superior. Plaintiff's complaint asserts claims both against the Children's Services Division, as a state agency within the statutory definition of a public body, and also against individual officers and employees. These claims present different issues regarding theories of liability, regarding the exception for "discretionary functions," *see, e.g., Dizick v. Umpqua Community College,* 287 Or 303, 599 P2d 444 (1979); *Brennen v. City of Eugene,* 285 Or 401, 591 P2d 719 (1979), and regarding the required notice of claim. The notice of claim is prescribed in ORS 30.275, along with a two-year time limit on commencing an action.[2] The Court of Appeals held that this time limit barred two of plaintiff's four causes of action. We turn first to that holding.

A. *The two-year limit.* ORS 30.275(3) prescribes that "[n]o action shall be maintained . . . unless the action is

---

[1] ORS 30.265(1):

"Subject to the limitations of ORS 30.260 to 30.300, every public body is liable for its torts and those of its officers, employes and agents acting within the scope of their employment or duties, whether arising out of a governmental or proprietary function. As used in ORS 30.260 to 30.300, 'tort' includes any violation of 42 U.S.C. section 1983."

ORS 30.260(2):

" 'Public body' means the state and any department, agency, board or commission of the state, any city, county, school district or other political subdivision or municipal or public corporation and any instrumentality thereof. 'Public body' includes any intergovernmental agency, department, council or other like entity which is created under ORS 190.003 to 190.110, and which does not act under the direction and control of any single member government."

[2] ORS 30.275 now prescribes:

"(1) Every person who claims damages from a public body or from an officer, employe or agent of a public body acting within the scope of employment or duties for or on account of any loss or injury within the scope of ORS 30.260 to 30.300 shall cause to be presented to the public body within 180 days after the alleged loss or injury a written notice stating the time, place and

commenced within two years after the date of such accident or occurrence. . . ." The present action was commenced on October 17, 1978, so that it can be maintained only for claims arising on or after October 17, 1976, unless plaintiff is entitled to an extension by virtue of being a minor.

Plaintiff claims that he is entitled to the extension, up to a maximum of five years, provided by ORS 12.160:

"If, at the time the cause of action accrues, any person entitled to bring an action mentioned in ORS 12.010 to 12.050, 12.070 to 12.260, 109.100 or 109.125 is:

"(1) Within the age of 18 years,

. . . .

the time of such disability shall not be a part of the time limited for the commencement of the action; but the period within which the action shall be brought shall not be extended more than five years by any such disability, nor shall it be extended in any case longer than one year after such disability ceases."

The Court of Appeals rejected this contention as follows:

"Because the Tort Claims Act is complete in itself, . . . the provision found at ORS 12.160 for tolling during minority has no application here; ORS 30.275(3) sets forth a clear two-year limitation on commencement of suit without making provision for tolling during minority. The term 'two years' is unambiguous; plaintiff has failed to meet this statutory requirement. Besides: ORS 12.160 is limited by its terms to ORS 12.010 - 12.050 and 12.070 to 12.260."

46 Or App at 224.

We read the statutes somewhat differently. Actions under the Tort Claims Act are tort actions, not special

---

circumstances thereof, the name of the claimant and of the representative or attorney, if any, of the claimant and the amount of compensation or other relief demanded. Claims against the State of Oregon or a state officer, employe or agent shall be presented to the Attorney General. . . .

. . . .

"(3) No action shall be maintained unless such notice has been given and unless the action is commenced within two years after the date of such accident or occurrence. The time for giving such notice does not include the time, not exceeding 90 days, during which the person injured is unable to give the notice because of the injury or because of minority, incompetency or other incapacity."

The section in effect at the time of the alleged torts is set forth in the text.

statutory causes of action created by that Act. ORS 30.265 provides that "every public body is liable for *its torts* and those [i.e. the *torts*] of its officers, etc." In other words, ORS 30.265(1) withdraws governmental immunity from tort actions, with the exceptions stated in the following subsections (2) to (6) and in ORS 30.270.[3] *See Dowers Farms v. Lake County,* 288 Or 669, 679-680, 607 P2d 1361 (1980).

■    If tort actions against public bodies and their officers and employees are not a specially created type of action but ordinary tort actions to which the legislature has consented to subject the government and its personnel, then it is immaterial that ORS 12.160 does not refer to ORS 30.275 in providing for an extension of time for minors and other incapacitated persons. ORS 12.160, *supra,* does not say that the particular time limit which is extended must be one which is mentioned in the listed sections. What ORS 12.160 does refer to is "any person entitled to bring *an action mentioned in* ORS 12.010," etc. (emphasis added). An action for damages for an alleged tort, or more compendiously "for any injury to the person or rights of another, not arising on contract," ORS 12.110, is one of those "mentioned in ORS . . . 12.070 to 12.160"; and a person entitled to bring such an action therefore comes within ORS 12.160, notwithstanding that his particular action is against a public body or public employee.

■    ORS 30.275(3) itself makes special provision for minority in the notice requirement, but it is silent as to the two-year limitation with respect to minors or other incapacitated claimants. It is consistent with the remedial policy of the Tort Claims Act to assume that the legislature meant to assure local governments of an early opportunity to investigate claims even by minors, but that thereafter the extension of time to commence an action generally provided to minors and incapacitated persons by ORS 12.160 would apply to the same kinds of actions when brought against a public defendant. As this complaint was filed when plaintiff was 17 years old, his first and fourth causes of action were not barred by the two-year limit of

---

[3] The section also defines "tort" to include a violation of 42 USC § 1983. As will appear, it is not material to the stay of the time limit for actions by minors whether such a violation, or the violation of statutory duties pleaded in plaintiff's fourth cause of action, is a "tort" under ORS ch 12.

ORS 30.275(3) with respect to any events that occurred after October 17, 1971.

  B. *The notice requirement.* As previously set forth, ORS 30.275 now makes timely notice a prerequisite when a person claims damages either "from a public body" or "from an officer, employe or agent of a public body acting within the scope of employment or duties."[4] At the time of the tortious conduct alleged in this case, however, the express terms of the statute required notice only for claims against a public body and said nothing about claims against individual officers or employees. ORS 30.275 then provided:

> "(1) Every person who claims damages from a public body for or on acount of any loss or injury within the scope of ORS 30.260 to 30.300 shall cause to be presented to the public body within 180 days after the alleged loss or injury a written notice stating the time, place and circumstances thereof, and the amount of compensation or other relief demanded. Claims against the State of Oregon shall be presented to the state agency against whom the claim is made or to the Attorney General. Claims against any other public body shall be presented to a person upon whom process could be served in accordance with subsection (2) of ORS 15.080. Failure to state the amount of compensation or other relief demanded does not invalidate the notice.
>
> . . . .
>
> "(3) No action shall be maintained unless such notice has been given and unless the action is commenced within two years after the date of such accident or occurrence. The time for giving such notice does not include the time, not exceeding 90 days, during which the person injured is unable to give the notice because of the injury or because of minority, incompetency or other incapacity."

The Court of Appeals held that the notice requirement nevertheless applied to actions against such individuals,

---

[4] In this case there is no question whether notice of claim against an individual is meant to be required only when the alleged tort is one which is known to have been committed by a defendant engaged in a public employment or duty or which could only be committed in a public role, or whether the requirement also extends to bar a claim against an individual defendant for an ordinary tort that can equally be committed by a private person independently of any public function (for instance a typical claim of negligent driving), and possibly under circumstances in which the plaintiff knew nothing of the defendant's public employment until lack of the statutory notice is raised in defense. *Cf. Smith v. Pernoll,* 45 Or App 395, 608 P2d 590, *rev allowed,* 289 Or 275 (1980).

following its decision by a divided court in *Smith v. Pernoll,* 45 Or App 395, 608 P2d 590, *rev allowed,* 289 Or 275 (1980).

■　We agree with the Court of Appeals that failure to give the required notice precludes holding the public body liable under ORS 30.265 both for "its torts" and, under the statutory form of respondeat superior, for "those of its officers, employes and agents." The Tort Claims Act, however, does not assume that the government's liability under ORS 30.265 for the torts of its officers, employees and agents is exclusive of any liability on their part. The contrary seems implicit in the original 1967 act, which authorized a public body to procure liability insurance not only for itself but also for its officers, employees, and agents, and to "defend, save harmless and indemnify any of its officers, employes and agents, whether elective or appointive, against any tort claim or demand . . ." Oregon Laws 1967, ch 627, §§ 6, 7.[5] Consistent with the distinction, section 8 of the same statute authorized public bodies to compromise and settle tort claims against themselves but gave no such authority with respect to tort claims against individual officials.

In this context, there is no reason to believe that when the act required a person who "claims damages from a public body for or on account of any loss or injury within the scope of this [1967] Act" to give written notice of the claim within 45 days, it also meant to require the same notice for damage claims against individual defendants without saying so. This was the statute in force at the time of the mistreatment of plaintiff alleged in the complaint. ORS 30.260 - 30.300 (1973).

■　Plaintiff's causes of action under the Tort Claims Act against the individual defendants therefore were not foreclosed by his failure to give notice of claims against public bodies within the time prescribed by ORS 30.275.[6]

---

[5] The act also assumed that sometimes the officer, employee or agent would be immune from liability and withheld liability of the public body in such cases. Oregon Laws 1967, ch 627, § 3(1)(a).

[6] Because the action against the individual defendants provides the same opportunity to argue and prove plaintiff's claims under the Tort Claims Act which

■　　　C. *Immunity for discretionary functions.* Defendants invoke the immunity from liability provided by ORS 30.265(3)(c):

> "Every public body and its officers, employes and agents acting within the scope of their employment or duties are immune from liability for:
>
> . . . .
>
> "(c) Any claim based upon the performance of or the failure to exercise or perform a discretionary function or duty, whether or not the discretion is abused."

Because the trial court sustained the demurrers on the ground that plaintiff's action was barred for lack of timely notice of claim, it did not rule on this defense. The Court of Appeals reached it only with respect to those claims based on defendants' alleged failures of performance in finding plaintiff an adoptive home. The court held that the defense immunized all the individual defendants against all allegations under these claims because "the adoption functions performed by defendants involve the kind of policy decisions which should not be reviewed by the judicial branch and are, therefore, discretionary."[7] 46 Or App at 228. This sweeps much too broadly.

■　　　Repeated decisions of this court have emphasized that when an action under the Tort Claims Act alleges

---

are pleaded against the agency as such, and the state is bound by ORS 30.285 to defend and indemnify the individual defendants, it appears unnecessary now to address the complex questions raised by plaintiff's claim that a state agency cannot constitutionally insist on notice of a claim from a minor who is its own ward.

[7] The court cited its own prior decisions and *Jarrett v. Wills,* 235 Or 51, 383 P2d 995 (1963), but none of the decisions of this court under the Tort Claims Act.

The phrase quoted in the text concerning "the kind of policy decisions which should not be reviewed by the judicial branch and are, therefore, discretionary" should be understood as an *explanation* for the existence of the statutory exception, but it should not be taken literally as a legal *test* for discretion, because an exercise of discretion can be reviewable by the judicial branch. As far as judicial review is concerned, an agency decision is beyond judicial reversal if it is a legal exercise of discretion; it is not an exercise of discretion because it should not be reviewed. *See, e.g.,* ORS 183.482(7), ORS 183.482(8)(b), ORS 183.484(4)(b).

The exercise of professional judgment or expertise by individual officials does not necessarily show that they have been delegated policy discretion. *See Stevenson v. State of Oregon, supra,* 290 Or at 11; *McBride v. Magnuson, supra,* 282 Or at 436; *compare Jarrett v. Wills, supra.*

tortious conduct by a named officer, employee, or agent in the performance or nonperformance of his or her duties, the question under ORS 30.265(3)(c) is not the "discretionary" nature of the overall function of the public body but the degree of discretion, if any, allowed the individual defendant whose immunity is at issue. The question of immunity is not whether the function as a whole involves "room for policy judgment" but whether the defendant had been delegated responsibility for a policy judgment and exercised such responsibility in the act or omission alleged to constitute the tort. *McBride v. Magnuson,* 282 Or 433, 437, 578 P2d 1259 (1978). Thus in *Brennen v. City of Eugene, supra,* the city was held liable for a clerk's failure to ascertain before issuing a taxicab license whether the licensee had the required insurance, though the decision to require the insurance was a discretionary policy choice of the city. Subsequently, *Dizick v. Umpqua Community College, supra,* denied "discretionary function" immunity when representatives of the college misled a student about the availability of important course material and equipment, though the college itself had discretion in the design of the course program and the acquisition of the equipment. 287 Or at 307-309. The analysis again was followed in *Stevenson v. State of Oregon,* 290 Or 3, 9-14, 619 P2d 247 (1980).

Plaintiff's complaint names individual defendants ranging from the departmental director through various supervisory officers to caseworkers. It relies on many rules and regulations that are claimed to confine the range of discretionary choices left to each of these defendants. As the Court of Appeals did not address the immunity of the defendants individually, and the case must be remanded to the circuit court in any event, the question of their individual immunity with respect to each cause of action will be open for argument and decision in that court in the first instance.

## II. *The Contract Claim*

Plaintiff's third cause of action was pleaded as a breach of a contract between defendant Children's Services Division and plaintiff's parents to find plaintiff an adoptive home in consideration of their relinquishment of their

parental rights, an alleged contract of which plaintiff claims to be a third party beneficiary. The Court of Appeals treated this allegation as pleading a cause of action under the Tort Claims Act in another guise, recharacterizing the "gravamen" of the contract claim as a tort in reliance on a line of this court's cases concerning the choice between statutes of limitations.[8] The court concluded that a contract claim should equally be subject to recharacterization as a tort for purposes of the defenses available under the Tort Claims Act.

■    The Court of Appeals decided this case before our decision in *Securities-Intermountain v. Sunset Fuel,* 289 Or 243, 611 P2d 1158 (1980). In that case, we reviewed cases in which the proper characterization of a cause of action had arisen in contexts other than the applicable period within which to commence action. *See* 289 Or at 254-256. We concluded that none of the precedents had held, as a matter of substantive law, that a plaintiff could not bring a damage action for breach of contract merely because the alleged breach might also be actionable without a contract. 289 Or at 258. Of course the state may be sued for breach of contract, by way of the agency alleged to have made such a contract, outside the Tort Claims Act. ORS 30.320.

The decision in *Securities-Intermountain, supra,* was not available to the parties, and its implications, if any, for the issue whether plaintiff's complaint pleads an actionable breach of a third-party beneficiary contract have not been briefed. Nor did the circuit court or the Court of Appeals reach the state's other possible legal objections to such a cause of action against these defendants. We express no view thereon. Like the issue of the individual defendants' possible tort immunity discussed above, these issues also will be before the circuit court on remand.

Reversed and remanded.

---

[8] *Citing Dowell v. Mossberg,* 226 Or 173, 181, 359 P2d 541 (1961); *Bales for Food v. Poole,* 246 Or 253, 424 P2d 892 (1967); *Lindemeier v. Walker,* 272 Or 682, 538 P2d 1266 (1975).