Argued and submitted September 8, 1980, reversed May 27, 1981

# SMITH,
*Petitioner,*

*v.*

# PERNOLL et al,
*Respondents.*

(No. A7804-05907, CA 14972, SC 26998)

628 P2d 729

Richard S. Mannis, Portland, argued the cause for petitioner. With him on the briefs was Kenneth D. Orcutt, Portland.

Karen H. Green, Assistant Attorney General, Salem, argued the cause for respondents. On the brief were James A. Redden, Attorney General, Walter L. Barrie, Solicitor General, and James C. Rhodes, Assistant Attorney General, Salem.

PETERSON, J.

## PETERSON, J.

This is a civil action alleging a cause of action against defendant doctors arising from their treatment of the plaintiff in 1976. Plaintiff's amended complaint does not allege that the doctors were employees of the state of Oregon. Defendants answered and affirmatively alleged that the defendants were employed at the University of Oregon Health Sciences Center, were employees of the state of Oregon, and that no notice of claim had been given, as required by ORS 30.275(1). Plaintiff's demurrer to the affirmative defense was overruled, plaintiff elected not to plead further, and judgment was entered for the defendants. Plaintiff appealed, contending that under the 1975 version of ORS 30.275(1) there was no requirement that the claimant give the public body or the individual defendants notice of a claim against the individual defendants. The Court of Appeals, in a divided decision, affirmed. *Smith v. Pernoll,* 45 Or App 395, 608 P2d 590 (1980).[1]

## STATUTORY HISTORY

Prior to 1967, public bodies were immune from tort liability. *Bacon v. Harris,* 221 Or 553, 352 P2d 472 (1960). The tort immunity of public bodies did not extend to employees of public bodies. Employees were, however, immune from tort liability arising from the performance of "discretionary functions." *Jarrett v. Wills,* 235 Or 51, 54, 383 P2d 995 (1963).

---

[1] Page references to the Court of Appeals decision are to the decision as it appeared in the Advance Sheets. A paragraph from the opinion was inadvertently omitted in the Advance Sheets. That paragraph read:

"Plaintiff's cause of action arises out of allegedly negligent surgery performed by defendants. Plaintiff's first complaint alleged the defendants were agents of the state. Defendants' demurrer to the complaint, on the ground it failed to plead that a notice was given pursuant to ORS 30.275, was sustained. Plaintiff filed an amended complaint deleting the allegation of agency. Defendants answered and affirmatively alleged that the required notice was not given to the state. Plaintiff's demurrer to the affirmative defense was overruled and judgment was entered for defendants. Plaintiff's claim of error is that the demurrer should have been allowed because notice to the state was unnecessary."

This paragraph will appear in the bound volume. Page references herein may therefore differ from the pages of the bound volume of the Oregon Reports containing the Court of Appeals opinion.

In 1967, the Tort Claims Act was passed. Or Laws 1967, ch 627. It made every public body "* * * liable for its torts [with specified exceptions not relevant hereto] and those of its officers, employes and agents [with specified exceptions not relevant hereto] acting within the scope of their employment or duties * * *." The 1967 Act in no way restricted the common law tort liability of public employees arising from nondiscretionary acts. The Act made public bodies derivatively liable in tort, up to a specified dollar amount, for tortious acts of their officers, agents and employees. Or Laws 1967, ch 627, §§ 2, 4.

The 1967 version of ORS 30.275(1) provided (section 5 of ch 627):

"(1) Every person who claims damages from a public body for or on account of any loss or injury within the scope of this Act shall cause to be presented to the governing body of the public body within 45 days after the alleged loss or injury a written notice stating the time, place and circumstances thereof, and the amount of compensation or other relief demanded. * * *"

ORS 30.275(1) was amended in 1969 (Or Laws 1969, ch 429, § 3) to read as follows (a line is drawn through stricken language; new wording is italicized):

"(1) Every person who claims damages from a public body for or on account of any loss or injury within the scope of ORS 30.260 to 30.300 shall cause to be presented to [the governing body of] the public body within [45] *180* days after the alleged loss or injury a written notice stating the time, place and circumstances thereof, and the amount of compensation or other relief demanded. *Claims against the State of Oregon shall be presented to the state agency against whom the claim is made or to the Attorney General. Claims against any other public body shall be presented to a person upon whom process could be served in accordance with subsection (2) of ORS 15.080.* * * *."

This 1969 amendment introduced the directive to whom claims against the state or other public bodies were to be presented, but it did not require notice of claims against public employees.

The Tort Claims Act was comprehensively revised in 1975. Some amendments concerned claims against the state and against its employees, officers and agents. Other

sections dealt with claims against any "local public body" (which was defined in section 11—now ORS 30.260(4)—as "* * * any public body other than the state") and against the employees, agents or officers of such bodies.

Amendments dealing with claims against the state or its officers, agents or employees included provision for the creation of a Liability Fund to provide insurance or self-insurance for such claims (Sections 2 and 10, now ORS 278.100 and ORS 278.020(1)); appropriations for the Liability Fund (Section 5, now ORS 278.115); apportionment of contributions among state agencies (Section 4, now ORS 278.110(1)); and provision for investigation, defense, compromise and settlement of covered claims by the attorney general (Section 6, now ORS 278.120(1)). Specific directions were given to the attorney general to defend claims against state officers, agents and employees, and to direct payment of such claims from the Liability Fund (Section 6, now ORS 278.120(1)).

Similar but not identical amendments concerned claims against public bodies other than the state. Section 16 amended ORS 30.285 to require all public bodies to defend and indemnify their officers, employees or agents against tort claims "* * * arising out of an alleged act or omission occurring in the performance of duty." Section 17 amended ORS 30.290 and authorized local public bodies to "* * * compromise, adjust and settle tort claims against the public body *or it officers, employes or agents acting within the scope of their employment* * * *" (new matter in italics). Section 19 (now ORS 30.282(1)) authorized local public bodies to establish self-insurance funds or to procure insurance against the liability of the public body "and its officers, employes and agents."

The monetary limitation of liability, which previously had applied only to public bodies, was extended to officers, employees and agents of all public bodies. See ORS 30.270.[2] Section 14 amended 30.275(1) to read as follows (new matter is italicized):

---

[2] We express no opinion whether the limitation of liability of public employees, agents or officers is proper under Oregon Constitution Article I, sections 10 and 20, or otherwise.

"(1) Every person who claims damages from a public body for or on account of any loss or injury within the scope of ORS 30.260 to 30.300 shall cause to be presented to the public body within 180 days after the alleged loss or injury a written notice stating the time, place and circumstances thereof, and the amount of compensation or other relief demanded. Claims against the State of Oregon *or a state officer, employe or agent acting within the scope of his employment or duties* shall be presented to the Attorney General. Claims against any other public body shall be presented to a person upon whom process could be served in accordance with subsection (3) of ORS 15.080. * * *"

In 1977, further amendments were introduced at the request of the League of Oregon Cities. Members of the League's Task Force on Tort Liability appeared and testified. The testimony of one of the members, Bill Blair, was summarized as follows:

*"Section 3* has been a considerable bugaboo to the insurance industry representatives, Mr. Blair advised. Again he feels it was basically an oversight made in 1975. Today there is no requirement for a claimant to give 180-day notice to a public body if all they are going to sue is the employe, and yet the government is required to indemnify its employees. This section clarifies the fact notice must be given if a claim will be filed against an employe and also the process."

The 1977 amendments to ORS 30.275(1) are set out in the margin.[3] The first sentence of the 1977 amendments made it clear that if a claim for damages is to be made against any "officer, employe or agent of a public body

---

[3] Or Laws 1977, ch 823, § 3:

"(1) Every person who claims damages from a public body *or from an officer, employe or agent of a public body acting within the scope of his employment or duties* for or on account of any loss or injury within the scope of ORS 30.260 to 30.300 shall cause to be presented to the public body within 180 days after the alleged loss or injury a written notice stating the time, place and circumstances thereof, *the name of the claimant and his representative or attorney, if any,* and the amount of compensation or other relief demanded. Claims against the State of Oregon or a state officer, employe or agent [acting within the scope of his employment or duties] shall be presented to the Attorney General. Claims against any [other] *local* public body *or an officer, employe or agent thereof* shall be presented to a person upon whom process could be served *upon the public body* in accordance with subsection (3) of ORS 15.080. * * *" Or Laws 1977, ch 823, § 3. (Bracketed matter was deleted; italicized matter is new.)

acting within the scope of his employment or duties," notice of such claim must be given to the public body. The second and third sentences name the person to whom notice should be delivered.

## DISCUSSION

We are persuaded that the 1975 amendments to the Tort Claims Act did not require, as a condition to suing an individual state employee, agent or officer, the giving of notice under ORS 30.275(1). The 1975 amendments, as to all public bodies, were designed to achieve three common goals: (1) all public bodies were required, under section 16 (now ORS 30.285) to defend and indemnify their officers, employees or agents against tort claims "arising out of an alleged act or omission occurring in the performance of duty"; (2) the monetary liability of all public bodies and their officers, employees or agents on such claims was limited (Section 13, now ORS 30.270); and (3) all public bodies were authorized or directed to create liability funds against such liability (Sections 19, 2, 5 and 10, now ORS 30.282(1), ORS 278.100, ORS 278.115 and ORS 278.020(1)).

Beyond these common goals, however, specific duties were given to the attorney general alone relative to claims against the state, its employees, agents and officers. The attorney general had the duty to investigate the claims, defend state employees, agents or officers, negotiate, compromise and settle claims against state officers, agents or officers, and direct payment of such claims out of the Liability Fund (Section 6, now ORS 278.120(1)).

Our analysis of the 1975 amendments leads us to the conclusion that the provision in the second sentence of ORS 30.275, "Claims against the State of Oregon or a state officer, employe or agent acting within the scope of his employment or duties shall be presented to the attorney general," was intended not to create a notice requirement as a condition precedent to liability by the individual state employee, agent or officer, but to aid the attorney general in discharging the responsibilities imposed by other sections of the 1975 Act. The Court of Appeals decision creates an anomaly in that written notice would have to be given of claims against employees, agents or officers of the state,

but no notice would be required of claims against individual agents, employees or officers of other public bodies. Had the legislature intended to impose such a notice requirement, it would have amended the first sentence of ORS 30.275(1) (as was done in 1977) to expressly require that notice be given by every person who claims damages from a public body or from any officer, agent or employee of such public body. More importantly, the legislature likely would have amended the third sentence of ORS 30.275(1) (which dealt with claims against public bodies other than the State of Oregon) so as to require the giving of notice of all claims against public employees, thus achieving a consistent result as to all public bodies. Such amendments were not made in 1975, but were made in 1977.

There can be no denying that one of the reasons given by the Court of Appeals—that the need for notice of claims against employees is congruent with the need for notice of claims against the public body (45 Or App at 398, 608 P2d at 592)—supports the conclusion that such notice should be given. But that argument assumes the desired result rather than reasons toward it, and converts what the legislature said into what it might have said but did not say.[4]

---

[4] The Court of Appeals also assigned this reason:

"In addition, ORS 30.285, after setting forth the derivative liability of the public body for actions of its employes and the duty to defend and indemnify them, states that:

"'* * * * *

"'(7) Nothing in subsection (3), (4) or (5) of this section shall be deemed to increase the limits of liability of any public officer, agent or employe under ORS 30.270, *or obviate the necessity of compliance with ORS 30.275 by any claimant* * * *.'

"Subsections (3), (4) and (5) deal with situations where employes are sued as individuals and the attorney general is given the obligation to defend if his investigation discloses the tort claim involved employes in performance of their duties. Subsection (7) indicates that these provisions require a notice under ORS 30.275 even if the public body is not joined as a defendant in the pleadings. A harmonious reading of the provisions of the Act indicate [sic] a legislative intent to require notice if employes of public bodies are sued individually if the claimed tort arose out of their duties as employes. * * *'" (Emphasis in original.) 45 Or App at 399, 608 P2d at 592-593.

We agree with Judge Joseph's dissent that the reference, in ORS 30.285(7) to "compliance with ORS 30.275 by any claimant," merely states that, to the extent

The legislative history is consistent with this conclusion. We find nothing in the 1975 legislative history which suggests that the legislature was concerned with or sought to require notice of claim in those situations where the employee, agent or officer was individually named as a defendant. The attorney general, as early as 1969, had brought this question to the legislature's attention,[5] but nothing was then done. The 1975 amendments only changed the 1969 directive so that the person charged with defending the individuals would be on notice of such claims. The most that can be attributed to the 1975 amendment of the second sentence of ORS 30.275(1) is that without a prior claim upon the attorney general a plaintiff could not recover directly from the state under ORS 30.265 for a tort of an individual defendant.

Reversed.

---

that compliance with ORS 30.275 is required, it is required. ORS 30.285(7) is of no assistance, either way, in construing ORS 30.275(1), for ORS 30.285(7) applies as well to claims against officers, agents and employees of public bodies other than the state, as to whom, without question, notice was not then required.

[5] During the 1969 legislative session, an assistant attorney general testified that there was a question "* * * whether a notice is required when an action is against an employe and not against a public body." He suggested that the law "* * * be reworded to carry clear intent that notice is required in all instances." No such amendment was then made.