Argued and submitted May 11, reversed and remanded July 6, 1981

BALZHISER,
*Appellant,*
*v.*
HISER,
*Respondent.*

(No. A7902-00758, CA 19074)

630 P2d 902

E. Daniel Seymour, Portland, argued the cause and filed the brief for appellant.

Gary V. Abbott, Portland, argued the cause for respondent. On the brief was Lang, Klein, Wolf, Smith, Griffith & Hallmark, Portland.

Before Gillette, Presiding Judge, and Roberts and Young, Judges.

GILLETTE, P. J.

## GILLETTE, P. J.

In this personal injury case, plaintiff seeks damages for injuries she received from a fall while riding as a passenger on a bus driven by defendant, an employe of the Tri-County Metropolitan Transportation District (Tri-Met) acting within the course and scope of his duties. The accident occurred February 17, 1977. Defendant moved for and obtained summary judgment on the ground that plaintiff had failed to provide timely written notice of her claim pursuant to the terms of former ORS 30.275(1). Plaintiff appeals this ruling. We reverse.[1]

At the time of plaintiff's injury, ORS 30.275 provided, in pertinent part,

"(1) Every person who claims damages from a public body for or on account of any loss or injury within the scope of ORS 30.260 to 30.300 shall cause to be presented to the public body within 180 days after the alleged loss or injury a written notice stating the time, place and circumstances thereof, and the amount of compensation or other relief demanded * * *.

"* * * * *

"(3) No action shall be maintained unless such notice has been given and unless the action has commenced within two years after the date of such accident or occurrence * * *."[2]

In spite of the absence of any reference in the applicable version of ORS 30.275(1) to "officers, employes or agents," the trial court nonetheless ruled that plaintiff was required to file the requisite notice with respect to such persons, including the defendant. In doing so, the court relied upon this court's decisions to that effect in *Smith v. Pernoll,* 45 Or App 395, 608 P2d 590 (1980), and *Bradford v. Davis,* 46 Or App 213, 611 P2d 326 (1980). However, the

---

[1] Originally, Tri-Met was also named as a defendant. It obtained summary judgment on the same ground as defendant Hiser. Plaintiff does not appeal that ruling.

[2] Subsection (1) of ORS 30.275 was amended by Or Laws 1977, ch 823, § 3, to read in pertinent part:

"Every person who claims damages from a public body *or from an officer, employer or agent of a public body acting within the scope of his employment or duties* * * * [shall file the required notice]."

Supreme Court has granted review and reversed both those cases. *Bradford v. Davis,* 290 Or 855, 626 P2d 1376 (1981); *Smith v. Pernoll,* 291 Or 67, 628 P2d 729 (1981).

In its opinion in *Bradford,* the Supreme Court directly addressed the issue involved in the present case:

"We agree with the Court of Appeals that failure to give the required notice precludes holding the public body liable under ORS 30.265 both for 'its torts' and, under the statutory form of respondeat superior, for 'those of its officers, employes and agents.' The Tort Claims Act, however, does not assume that the government's liability under ORS 30.265 for the torts of its officers, employes and agents is exclusive of any liability on their part. The contrary seems implicit in the original 1967 act, which authorized a public body to procure liability insurance not only for itself but also for its officers, employees, and agents, and to 'defend, save harmless and indemnify any of its officers, employes and agents, whether elective or appointive, against any tort claim or demand * * *' Oregon Laws 1967, ch 627, §§ 6, 7. Consistent with the distinction, section 8 of the same statute authorized public bodies to compromise and settle tort claims against themselves but gave no such authority with respect to tort claims against individual officials.

"In this context, there is no reason to believe that when the act required a person who 'claims damages from a public body for or on account of any loss or injury within the scope of this [1967] Act' to give written notice of the claim within 45 days, it also meant to require the same notice for damage claims against individual defendants without saying so. This was the statute in force at the time. * * *"

"Plaintiff's causes of action under the Tort Claims Act against the individual defendants therefore were not foreclosed by his failure to give notice of claims against public bodies within the time prescribed by ORS 30.275." *Id.,* at 863. (Footnotes omitted.)

*Bradford* was distinguishable from the present case in only one particular: In *Bradford,* the individual defendants and the state agency defendants had all been joined as defendants in one action. The present case is one in which only the *individual* defendant is involved. Does this distinction make a difference? Our opinion in *Smith v. Pernoll, supra,* suggested an answer:

"To interpret ORS 30.275 to require notice where the state is joined as a party, but not to require it where the state employes are sued individually, would constitute a manifest contradiction of the policy behind the notice provisions. Such a reading would also allow a claimant to circumvent the notice requirements of the statute. The notice requirements could be circumvented by a simple omission in the pleadings without changing the nature of the suit." *Smith v. Pernoll, supra,* 45 Or App at 398.

However, the Oregon Supreme Court, disagreeing with this analysis, has reversed *Smith v. Pernoll,* explaining:

"Our analysis of the 1975 amendments leads us to the conclusion that the provision in the second sentence of ORS 30.275, 'Claims against the State of Oregon or a state officer, employe or agent acting within the scope of his employment or duties shall be presented to the attorney general,' was intended not to create a notice requirement as a condition precedent to liability by the individual state employee, agent or officer, but to aid the attorney general in discharging the responsibilities imposed by other sections of the 1975 Act. The Court of Appeals decision creates an anomaly in that written notice would have to be given of claims against employees, agents or officers of the state, but no notice would be required of claims against individual agents, employees or officers of other public bodies. Had the legislature intended to impose such a notice requirement, they would have amended the first sentence of ORS 30.275(1) (as was done in 1977) to expressly require that notice be given by every person who claims damages from a public body or from any officer, agent or employee of such public body. More importantly, the legislature would likely have amended the third sentence of ORS 30.275(1) (which dealt with claims against public bodies other than the State of Oregon) so as to require the giving of notice of all claims against public employees, thus achieving a consistent result as to all public bodies. Such amendments were not made in 1975, but were made in 1977.

"There can be no denying that one of the reasons given by the Court of Appeals—that the need for notice of claims against employees is congruent with the need for notice of claims against a public body (45 Or App at 398, 608 P2d 592)—supports the conclusion that such notice should be given. But that argument assumes the desired result

rather than reasons toward it, and converts what the legislature said into what they might have said but did not say." *Smith v. Pernoll, supra.* 291 Or at 73-74. (Footnote omitted.)

The summary judgment granted to defendant is reversed, and the case is remanded for further proceedings.

Reversed and remanded.