Argued May 1, affirmed May 24, 1972

BELANGER, *Respondent, v.* HARSCH, *Appellant.*

497 P2d 667

*Ronald L. Marceau,* Bend, argued the cause for appellant. With him on the brief were McKay, Panner, Johnson, Marceau & Karnopp, Bend.

*Douglas A. Shepard,* Madras, argued the cause and filed a brief for respondent.

HOLMAN, J.

This is an action for damages for assault and battery. Defendant appeals from a judgment for

plaintiff entered pursuant to a jury verdict for both general and punitive damages.

Plaintiff was purchasing from defendant the real property upon which she lived. Their relationship was not harmonious because defendant had been attempting to regain possession of the property. Plaintiff was building a house on the property and defendant came upon the premises to post a notice of nonresponsibility for the materials plaintiff was using. A struggle erupted between plaintiff and defendant as defendant attempted to post the notice on a pole on the premises and plaintiff simultantously attempted to take it down to see what it concerned. The affair was described by a witness as follows:

"Well, while he was going toward the post Mrs. Belanger came out, asked him what he was doing, and—and he continued on nailing this notice on the post.

"Well, she came on up to the side of him and he pushed her back, just gently pushed her back. Then she came back a second time to either get the paper or get up to where she could read it. And he pushed her pretty severely. She had taken a couple steps back to balance herself. Well, then she came back and reached for the paper. And when she reached for the paper, he had the stapler in his left hand, and he backhanded her like that (demonstrating). And he hit her hard."

The only issue on appeal is whether the evidence supports an award of punitive damages. Defendant contends there is no basis for the award of punitive damages because (1) the infliction of such damages in a case of this kind would serve no deterrent function; and (2) defendant's conduct did not constitute a grievous violation of any societal norm. De-

fendant admits that if his objective was to injure plaintiff unnecessarily, punitive damages could be properly awarded. The jury could have found from the evidence that defendant used excessive, unnecessary, and unreasonable force upon plaintiff and the jury could have inferred therefrom that he did so with the primary objective of inflicting injury upon her.

The judgment of the trial court is affirmed.