Argued and submitted September 21,
reversed and remanded December 10, 1979,
reconsideration denied February 26,
petition for review denied April 15, 1980 (289 Or 45)

# ROSACKER,
*Appellant,*
*v.*
# MULTNOMAH COUNTY,
*Respondent.*

## (No. A 7701-00032, CA 12577)

603 P2d 1216

Magar E. Magar, Portland, argued the cause and filed the briefs for appellant.

Jack D. Hoffman, Deputy County Counsel, Portland, argued the cause for respondent. With him on the brief was John B. Leahy, County Counsel, Portland.

Before Schwab, Chief Judge, and Buttler and Gillette, Judges.

BUTTLER, J.

## BUTTLER, J.

Plaintiff appeals from a judgment entered against him after the trial court sustained defendant's demurrer to plaintiff's second cause of action,[1] the only one involved in this appeal. In that cause of action, plaintiff alleged that on or about December 2, 1976, Sergeant Gatsky was employed by Multnomah County and was acting within the scope of his employment. He then alleged:

> "On or about December 2, 1976, a hearing was held by Sergeant Gatsky at Rocky Butte Jail to determine whether or not plaintiff created a disturbance on November 29, 1977 [sic]. At said hearing, defendant Gatsky, acting within the scope of his employment, wrongfully and unlawfully deprived plaintiff of the due process of the law * * * by not allowing plaintiff to call witnesses on his behalf * * *."

At trial, defendant county demurred on the ground that the second cause of action alleged a violation of 42 USC § 1983,[2] under which municipalities may not be

---

[1] Our review of the record reveals that defendant's demurrer was argued immediately prior to trial, and that the trial judge sustained the demurrer orally at that time. The case went to trial on plaintiff's first cause of action, resulting in a verdict for defendant. Judgment was entered thereon for defendant without any indication that it related only to the first cause of action.

Subsequently, the trial judge formalized his order sustaining defendant's demurrer to plaintiff's second cause of action *nunc pro tunc* as of the date he sustained the demurrer orally prior to trial. We treat the judgment which was entered subsequent to the jury verdict as being a judgment for defendant generally. The fact that the trial judge expressly made his order sustaining the demurrer *nunc pro tunc* prior to the entry of the judgment indicates that he so intended. If there had been no judgment for defendant, the order sustaining the demurrer would not be an appealable order. *See J. Gregcin, Inc. v. City of Dayton,* 287 Or 709, 601 P2d 1254 (1979). Because there is one, we may review any intermediate order "involving the merits or necessarily affecting the judgment." ORS 19.140.

[2] 42 USC § 1983 provides:

"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

[585]

sued directly for the acts of their employees, relying on *Monell v. New York City Dept. of Social Services,* 436 US 658, 98 S Ct 2018, 56 L Ed 2d 611 (1978). Defendant does not otherwise contend that it is immune under the Oregon Tort Claims Act (ORS 30.260 − 30.300) or that the complaint does not state a cause of action if the county may be sued.

Plaintiff contends that he may maintain this action under ORS 30.265, which provides:

"(1) Subject to the limitations of ORS 30.260 to 30.300, every public body is liable for its torts and those of its officers, employes and agents acting within the scope of their employment or duties, whether arising out of a governmental or proprietary function. As used in ORS 30.260 to 30.300, 'tort' includes any violation of 42 U.S.C. section 1983."

He contends that by virtue of the last sentence of the subsection quoted above the legislature has provided that every public body is liable for its torts, including the deprivation of any rights, privileges, or immunities secured by the Constitution of the United States, and that a county is a "public body." ORS 30.260(2). In short, it is plaintiff's position that the Oregon legislature has provided that a county may be sued if it, or its officers, employees, and agents acting within the scope of their employment or duties, deprive a person of any rights, privileges or immunities secured by the Constitution of the United States.

Defendant, on the other hand, contends that where a plaintiff claims a deprivation of any rights, privileges or immunities secured by the Constitution of the United States, the only statute under which that claim is cognizable is 42 USC § 1983, and the claim is subject to the limitations on the right imposed by the federal courts. The United States Supreme Court in *Monroe v. Pape,* 365 US 167, 81 S Ct 473, 5 L Ed 2d 492 (1967), held that municipalities were not persons within the meaning of § 1983 and therefore could not be sued directly. That decision was modified by the

Supreme Court in *Monell v. Dept. of Social Services of the City of New York, supra,* to permit direct suit against municipalities if the alleged unconstitutional act was taken pursuant to official municipal policy.

In order to accept defendant's contention we must construe the last sentence of ORS 30.265(1) to mean that a person may maintain an action under 42 USC § 1983 in the state courts. To so construe that sentence, however, would result in the legislature's having done nothing because, as defendant points out, it is generally accepted that state courts have concurrent jurisdiction for the assertion of § 1983 claims. *Terry v. Kolski,* 78 Wis 2d 475, 254 NW2d 704 (1977). It is presumed that the legislature did not perform a useless act; it intended to accomplish something by adding the sentence in question.

We construe the last sentence of ORS 30.265(1) to incorporate by reference the wrongful conduct set forth in § 1983 as constituting a tort by definition under the Oregon Tort Claims Act thereby providing a state-created right for those deprived of any rights, privileges or immunities secured by the Constitution of the United States. We know of no reason why a state may not provide that it, and any public bodies within its boundaries, may be held liable for depriving any person of federal constitutional rights; defendant has cited no authority to the contrary, and we know of none. The cases on which defendant relies are cases where federal jurisdiction was founded on the "arising under" clause of the United States Constitution, Article III, § 2, so that it was clear that the claim being asserted was a § 1983 case; if the claim were not, there would have been no federal jurisdiction.

We conclude that the demurrer should not have been sustained.

Reversed and remanded.