Argued and submitted April 30, affirmed August 8, 1984

# BRUNGARDT,
*Appellant,*

*v.*

# BARTON,
*Respondent.*

## (A8106-03681; CA A29129)

685 P2d 1021

Robert L. McKee, Portland, argued the cause and filed the brief for appellant.

Harry Auerbach, Associate Deputy City Attorney, Portland, argued the cause for respondent. On the brief was Rhona Wolfe Friedman, Deputy City Attorney, Portland.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

In this assault and battery action the trial court concluded that the action was subject to the Oregon Tort Claims Act because, at the time of the incident giving rise to the claim, defendant was acting within the course and scope of his employment as a police officer of the City of Portland. Because plaintiff failed to give notice required in order to "claim damages from * * * an officer of a public body acting within the scope of his employment or duties," ORS 30.275,[1] the court granted summary judgment in favor of defendant. We affirm.

The relevant facts are not in dispute. On January 25, 1980, plaintiff was operating a motorcycle in North Portland, with his nephew on the back seat. He passed defendant traveling in the opposite direction in a marked patrol car. Defendant turned around and plaintiff, thinking that his license was suspended, rapidly accelerated in order to elude him. Defendant gave chase at high speed, ending when another officer pulled in front of plaintiff. In the ensuing minutes, defendant pulled plaintiff off his motorcycle, striking him with his baton. Plaintiff was handcuffed, taken into custody and charged with attempting to elude an officer and reckless driving. He later pled guilty to the charge of attempting to elude. In June, 1981, plaintiff filed this action for assault and battery. Defendant answered, claiming that he was acting within the course and scope of his employment, that plaintiff failed to give notice required by ORS 30.275 and, as a result, that the court lacked subject matter jurisdiction.

Plaintiff concedes that a tort claim notice was not given. He argues that defendant used excessive force, in violation of Oregon criminal law, the Oregon Constitution and police departmental policy. Accordingly, he contends that defendant acted outside the scope of his official authority, making him a "private citizen," so that the action is not

---

[1] ORS 30.275(1) (*amended by* Or Laws 1981, ch 350, § 1) provided, in pertinent part:

"Every person who claims damages from a public body or from an officer, employe or agent of a public body acting within the scope of employment or duties for or on account of any loss or injury within the scope of ORS 30.260 to 30.300 shall cause to be presented to the public body within 180 days after the alleged loss or injury * * *."

subject to notice requirements of ORS 30.275.[2] The Oregon Torts Claims Act states, in part:

> "[E]very public body is liable for its torts and those of its officers, employes and agents within the scope of their employment or duties, whether arising out of a governmental or proprietary function * * *." ORS 30.265(1).

In order to determine whether defendant's actions fall within the scope of his employment, we consider whether the act in question is of a kind he was hired to perform, whether the act occurred within the authorized time and space and whether the employe was motivated, at least in part, by a purpose to serve the employer. *Stanfield v. Laccoarce,* 284 Or 651, 655, 588 P2d 1271 (1978). Whether a particular act is within the scope of employment is to be decided on its own particular facts and circumstances by the trier of fact, but summary judgment is appropriate when only one reasonable conclusion can be drawn from the facts. *See Stanfield v. Laccoarce, supra; Thomas v. Parker Refrigerated Services, Inc.,* 61 Or App 234, 240, 657 P2d 692, *rev den* 294 Or 792 (1983).

Defendant's evidence of the motion for summary judgment established that he pursued plaintiff in the course of investigating a traffic violation in a marked police car with the lights and siren activated. When he encountered plaintiff, defendant was on active duty as a police officer assigned to patrol the area in which the encounter occurred. The alleged assault occurred during the process of plaintiff's arrest for reckless driving and attempting to elude an officer. That is the kind of work that defendant was hired to perform as a police officer, and the incident occurred within the time and space in which such work was to be done. There is no evidence of any motive other than to fulfill his duty as a police officer. Plaintiff points to no facts to contradict these conclusions, but claims that defendant's use of force to arrest him was *excessive* and therefore outside of the scope of his employment. We do not agree.

---

[2] Plaintiff claims that defendant's actions violated ORS 161.235 (limits physical force by an officer "to the extent that he reasonably believes it is necessary") Article I, section 13, of the Oregon Constitution ("[N]o person arrested, or confined in jail shall be treated with unnecessary rigor") and several sections of the express orders of the City of Portland Chief of Police (limiting the use of a baton to defensive use and forbidding wilful maltreatment of any citizen).

Even if the force used by defendant to arrest plaintiff was excessive, his actions are not necessarily outside the scope of his employment. The issue in applying the Oregon Tort Claims Act is not whether the employe's acts were "excessive," but whether the acts were done in the course and scope of the employe's employment. *See, e.g., Thomas v. Parker Refrigerated Services, Inc., supra* (truck driver guilty of "wilfully, wantonly, and maliciously" operating his truck, causing the accident in which plaintiff was injured, was not necessarily acting outside the scope of his employment).

■ When the use of force by an employe is authorized under certain circumstances, the employe is not necessarily acting outside the scope of his employment if "in an excess of zeal [he] uses more than necessary force or commits an error of law as to his privilege or does an act combining these errors." Restatement of Agency, § 245, comment *e.* In this case, plaintiff presented no evidence of a private act. This is not to say that an officer who uses excessive force in the performance of his duties is not responsible for the use of such force, but rather that the only reasonable conclusion to be drawn from the facts before us is that this defendant's actions were within the scope of his employment and subject to OTCA.

■ Because proper notice was not given under ORS 30.275, the trial court did not err in granting defendant's motion for summary judgment.

Affirmed.