Argued and submitted February 2, reversed and remanded April 22, 1987

# HAASE,
*Appellant,*

*v.*

# CITY OF EUGENE,
*Respondent.*

## (16-83-03002; CA A38327)

735 P2d 1258

David Gernant, Portland, argued the cause for appellant. With him on the briefs was Nick Chaivoe, Portland.

Kay Kiner James, Eugene, argued the cause for respondent. With her on the brief were Stanton F. Long and Harrang, Long, Watkinson & Arnold, P.C., Eugene.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

WARDEN, P. J.

## WARDEN, P. J.

Plaintiff alleges that defendant's police officers assaulted and beat him. He seeks damages from the city, rather than from the officers, for the alleged assault. The trial court granted summary judgment in favor of defendant without stating its reasons on the record.[1] Plaintiff appeals. We reverse.

Plaintiff brought this action under the Oregon Tort Claims Act (OTCA).[2] Although his complaint is not a model of clarity and purports to state only a single claim for relief, it can be construed to state claims both under 42 USC § 1983[3] and for common law assault and battery. We address each claim in turn.

■ In order for a municipality to be liable under section 1983 for the actions of its employees, the plaintiff must show that the injuries were inflicted pursuant to a governmental "policy or custom." *Monell v. New York City Dept. of Soc. Serv.*, 436 US 658, 694, 98 S Ct 2018, 56 L Ed 2d 611 (1978). A single incident of alleged unconstitutional activity by its employees does not establish a policy or custom sufficient to render a municipality liable under section 1983. *Oklahoma City v. Tuttle*, 471 US 808, 824, 105 S Ct 2427, 85 L Ed 2d 791

---

[1] We reiterate here our concern about a trial court granting summary judgment without an explanation of its reasoning in the record. *See Wood v. Ford Motor Co.*, 71 Or App 87, 90 n 2, 691 P2d 495 (1984), *rev den* 298 Or 773 (1985). If a trial court fails clearly to state its understanding of the issues and how it resolved them, we may remand the case for such a statement before considering the merits.

[2] The complaint was not challenged in the trial court by ORCP 21 motions to strike or to make more definite and certain, nor was it otherwise attacked below. We, therefore, construe the complaint favorably to plaintiff, *see Collins v. Fitzwater*, 277 Or 401, 406, 560 P2d 1074 (1977), and for that reason consider it as stating both possible claims.

We are concerned about the use, which we discern here, of a motion for summary judgment to challenge either a complaint that supposedly contains more than one claim not separately stated or one in which the precise nature of the charge is not apparent; those defects are properly addressed only by ORCP 21 motions.

[3] 42 USC § 1983 provides:

"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

(1985). If that rule applies to this case, defendant produced sufficient evidence that it does not have "a custom or usage in effect whereby police officers employed by [defendant] assault or beat private citizens in the performance of their duties" to support the grant of summary judgment. Plaintiff filed no controverting affidavits or other evidence. However, OTCA, as it read at the time of the alleged assault, modified the normal rules in a section 1983 case brought under it. It imposed vicarious liability on public bodies for their agents' violations of section 1983.

At the time this action was filed, ORS 30.265(1) provided in part:

> "Subject to the limitations of [the OTCA], every public body is liable for its torts and those of its officers, employes and agents acting within the scope of their employment or duties, whether arising out of a governmental or proprietary function * * *. As used in [OTCA], *'tort' includes any violation of 42 USC section 1983*." (Emphasis supplied.)

A municipality is a "public body" within the meaning of OTCA. By defining a violation of section 1983 as a tort, the legislature made public bodies liable for violations of that provision by their "officers, employes and agents acting within the scope of their employment or duties * * *." That is, their liability in section 1983 actions is the same as their vicarious liability for other torts which their employes might commit. We are aware of no federal law which prohibits a state from imposing vicarious liability on public bodies or from requiring public bodies to indemnify their employes for section 1983 claims. *See* ORS 30.285(1). Defendant's liability exists whether or not the officer acted pursuant to a "custom or usage," and evidence on that point has no relevance to a section 1983 claim brought under OTCA. The trial court erred in granting summary judgment on that ground.[4]

■ Defendant, however, argues that the police officers were not "acting within the scope of their employment or duties" if they committed the acts that plaintiff has alleged and that, therefore, it is not liable under ORS 30.265(1). For

---

[4] The legislature has since amended ORS 30.265(1) to change the definition of "tort" and to delete the specific reference to section 1983. Or Laws 1985, ch 731, § 31. We express no opinion on whether the current statute also provides vicarious liability for section 1983 claims.

an act to fall within the scope of employment, it must be of a kind which the employer was hired to perform, must have occurred within authorized time and space, and the employe must have been motivated, at least in part, by a purpose to serve defendant. *Brungardt v. Barton,* 69 Or App 440, 443, 685 P2d 1021 (1984). Whether a particular act falls within the scope of employment is to be decided on its own particular facts and circumstances, "but summary judgment is appropriate when only one reasonable conclusion can be drawn from the facts." *Brungardt v. Barton, supra,* 69 Or App at 443.

Defendant's chief of police stated in an affidavit filed with the motion for summary judgment that the facts which plaintiff alleged in his deposition far exceeded any approved procedure for investigation or other job-related functions and that the degree of force allegedly used against plaintiff was unexpected in view of the police department's training and approved procedures. On the other hand, plaintiff's deposition testimony, which was appended to the chief's affidavit, permits the inference that defendant's police officers *may* have been, at one point, attempting to arrest plaintiff or one Donald when the alleged acts occurred. It is apparently undisputed that the police officers were on duty and in uniform. We cannot say as a matter of law that the officers were acting outside the scope of their employment. *See Brungardt v. Barton, supra,* 69 Or App at 443-44. The trial court erred in awarding defendant summary judgment on the section 1983 claim.

Defendant makes the same argument concerning scope of employment as to the common law assault and battery claim and, for the same reasons, that argument has no merit. The trial court erred in awarding defendant summary judgment on both claims.[5]

Finally, defendant argues that the trial court abused its discretion in denying its motion to dismiss for want of prosecution.[6] We share defendant's concern about the passage

---

[5] Plaintiff argues that certain alleged violations of local court rules and of the Uniform Trial Court Rules require reversal of the summary judgment. Because we reverse the summary judgment as to both claims raised in plaintiff's complaint, we need not decide that issue.

[6] Plaintiff contends that we have no authority to consider that issue, because defendant failed to cross-appeal the denial of the motion. Plaintiff is wrong. *See Artman v. Ray,* 263 Or 529, 533, 501 P2d 63, 502 P2d 1376 (1972).

of time since this action was filed and plaintiff's attorney's apparent dilatoriness. However, the trial judge denied the motion with full knowledge of the circumstances of the case, and defendant makes no showing of prejudice other than delay. We cannot say that the trial court abused its discretion. *See Smith v. DeKraay,* 217 Or 436, 441, 342 P2d 784 (1959).

Reversed and remanded.