Argued and submitted May 16, 1986, resubmitted In Banc October 7, reversed in part, affirmed in part and remanded December 9, 1987, reconsideration denied February 5, petition for review allowed February 23, 1988 (305 Or 273)

ROGERS,
*Appellant,*

*v.*

SAYLOR et al,
*Respondents.*

(A8409 05447; CA A35289)

746 P2d 718

Gregory Kafoury, Portland, argued the cause and filed the briefs for appellant.

Noelle Billups, Portland, argued the cause for respondents.

With her on the briefs was John B. Leahy, County Counsel for Multnomah County, Oregon.

Elden M. Rosenthal and Rosenthal & Greene, P.C., Portland, filed a brief *amicus curiae* for ACLU Cooperating Attorney.

JOSEPH, C. J.

Buttler, J., concurring in part; dissenting in part.

Young, J., dissenting.

## JOSEPH, C. J.

In this action, which is generally subject to the Oregon Tort Claims Act (OTCA), ORS 30.260 to ORS 30.300, plaintiff asserts a violation of 42 USC § 1983.[1] He alleges in his first claim that, on September 19, 1982, defendants Saylor, Blackman, Hill, Boehmer and Peterson physically and verbally assaulted him, in violation of his rights under the Fourth, Fifth and Fourteenth Amendments to the federal constitution. The individual defendants, except Peterson, were at that time deputies of the Multnomah County Sheriff; Peterson was an officer in the Gresham Police Department.[2] Plaintiff alleges that, as a result of the alleged attack, he suffered general damages of $110,000; in addition, he alleges entitlement to punitive damages and attorney fees.

The trial court dismissed the first claim when plaintiff failed to replead after the court granted defendants' motion to strike plaintiff's allegations of general damages in excess of $100,000, punitive damages and attorney fees. The motion was granted on the ground that plaintiff's remedy against the individual defendants is subject to ORS 30.270, which limits the liability of public bodies and their officials, employes and agents acting within the scope of their employment to $100,000 per claimant for all claims arising out of a single accident or occurrence, prohibits the award of punitive

---

[1] 42 USC § 1983 provides:

"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

ORS 30.265(1) provided when this action was brought:

"Subject to the limitations of ORS 30.260 to 30.300, every public body is liable for its torts and those of its officers, employes and agents acting within the scope of their employment or duties, whether arising out of a governmental or proprietary function or while operating a motor vehicle in a ridesharing arrangement authorized under ORS 276.598. As used in ORS 30.260 to 30.300, 'tort' includes any violation of 42 U.S.C. section 1983."

It has since been amended by Or Laws 1985, ch 731, § 31.

[2] Plaintiff's second claim is against the county and the city. The trial court's ORCP 67B judgment expressly stays further proceedings on that claim pending the decision of this appeal.

damages and is silent with respect to attorney fees.[3] The court certified the dismissal of the first claim as final, pursuant to ORCP 67B, and plaintiff appeals. We affirm in part and reverse in part.

On appeal, plaintiff contends generally that ORS 30.270 is not applicable to a section 1983 claim. The specific errors which he assigns are directed at the striking of his allegations relating to punitive damages, compensatory damages in excess of $100,000 and attorney fees.[4]

■ We held in *Nelson v. Lane County,* 79 Or App 753, 764-66, 720 P2d 1291 (1986), *aff'd* 304 Or 97, 743 P2d 692 (1987), that the proscription of punitive damages in ORS 30.270(2) is applicable to section 1983 claims brought under OTCA pursuant to *former* ORS 30.265(1). We concluded that neither section 1983 nor the cases construing it provide a

---

[3] ORS 30.270 provides, in pertinent part:

"(1) Liability of any public body or its officers, employes or agents acting within the scope of their employment or duties on claims within the scope of ORS 30.260 to 30.300 shall not exceed:

"(a) $50,000 to any claimant for any number of claims for damage to or destruction of property, including consequential damages, arising out of a single accident or occurrence.

"(b) $100,000 to any claimant for all other claims arising out of a single accident or occurrence.

"(c) $300,000 for any number of claims arising out of a single accident or occurrence.

"(2) No award for damages on any such claim shall include punitive damages. The limitation imposed by this section on individual claimants includes damages claimed for loss of services or loss of support arising out of the same tort.

"* * * * *

"(4) Liability of any public body and one or more of its officers, employes or agents, or two or more officers, employes or agents of a public body, on claims arising out of a single accident or occurrence, shall not exceed in the aggregate the amounts limited by subsection (1) of this section."

[4] He does not assign as error the court's dismissing his *claim,* as well as striking the allegations of damages and attorney fees. His failure to do so makes the basis for this appeal arguably non-existent. Were we to conclude that plaintiff may seek the damages and attorney fees which the trial court held that he cannot, the immediate effect of our decision would be to reinsert allegations into a dismissed claim which plaintiff does not ask us to resurrect. It is a close question whether the assignments plaintiff makes are reviewable in the present posture of the case. However, we conclude that they are, because the trial court will have discretion whether to allow plaintiff to amend his complaint on remand. Consequently, for now at least, we need not treat the claim as a dead letter. We nevertheless note that, if it were not for the coincidence that plaintiff also alleged a second claim, there would be no possible basis for a remand and no complaint for the trial court to allow (or not allow) plaintiff to amend.

"basis for concluding that Congress intended section 1983 to preempt the Oregon statutory direction that its courts not award punitive damages in actions against its employes." 79 Or App at 766. That holding in *Nelson* is not controlling precedent, because the Supreme Court concluded on review that the question of whether punitive damages are awardable did not have to be reached in the case. 304 Or at 111. However, we conclude now that our holding and our reasoning in *Nelson* were correct, and we adhere to them. Plaintiff may not recover punitive damages. Our reasoning in *Nelson* applies equally to plaintiff's quest for compensatory damages in excess of the limits established by ORS 30.270, and the trial court correctly ruled that he is not entitled to seek damages exceeding $100,000.

■ However, he may seek attorney fees. We said in *Kay v. David Douglas Sch. Dist. No. 40,* 79 Or App 384, 395, 719 P2d 875 (1986), *rev'd on other grounds,* 303 Or 574, 738 P2d 1389 (1987): "The right to attorney fees under [42 USC] section 1988[5] * * * is regarded by the United States Supreme Court as 'an integral part of the remedies necessary to obtain' compliance with section 1983 [citing *Maine v. Thiboutot,* 448 US 1, 11, 100 S Ct 2502, 65 L Ed 2d 555 (1980)]." We then held that the plaintiffs in *Kay* were entitled to seek attorney fees. This case is different in that *Kay* was a declaratory judgment action in which a section 1983 claim was advanced and, although they should have, the parties and the courts did not treat the action as being subject to OTCA. That distinction does not call for a different result. Section 1988 expressly provides for attorney fee awards in section 1983 actions. Although there would be no basis for an award of fees under Oregon law, the express language of section 1988 is preemptive. The trial court erred by striking the claim for attorney fees.

Some comment about the dissents is necessary. They both begin with the premise that, because section 1983 claims against individual defendants could have been brought in the

---

[5] 42 USC § 1988 provides, in pertinent part:

"In any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985, and 1986 of this title, * * * the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs."

circuit courts before ORS 30.265(1) was amended to provide that section 1983 violations are "torts" that are subject to OTCA, such claims continued to be cognizable by Oregon courts independently of OTCA after that provision was enacted. Judge Young would hold that a plaintiff has the choice of proceeding either under OTCA or under the circuit court's "general jurisdiction" and, apparently, that OTCA's liability limits are applicable only to plaintiffs who choose the statutory route. He then reaches the novel, to say the best about it, conclusion that, although this plaintiff *pleaded* his claim under OTCA, some of his *arguments* to the trial court and to us suggest that he really meant to proceed independently of the statute, and we should therefore reverse and remand the trial court's dismissal of the OTCA claim which plaintiff did bring so that he can now consider whether to bring a new and different claim instead.

Judge Buttler's dissent is more direct. He would hold, plainly and simply, that section 1983 claims are federally created and that "plaintiff may maintain that action free of the limits imposed by OTCA." 88 Or App at 489. Judge Buttler also concludes that federal law preempts the liability limitations of OTCA in connection with section 1983 claims.

We do not agree with the view of both dissents that the circuit court retained authority to entertain section 1983 claims independently of OTCA after ORS 30.265(1) was amended to include them expressly. Although Judge Buttler correctly states that OTCA is not a jurisdictional act, in the traditional sense, and that it does not create causes of action, it *is* an exercise of the legislature's undoubted authority to make certain actions subject to procedural and substantive requirements. Judge Buttler's dissent acknowledges as much with respect to plaintiff's claim against the city and the county, which he states "is subject, without qualification, to the damage limitations in [OTCA]." 88 Or App at 487. It is equally clear that the legislature did purport to limit the liability of government employes as well as employers through OTCA and that it can and did make the provisions of OTCA applicable to section 1983 claims brought in state court. By its terms, OTCA was applicable to such claims when plaintiff instituted this action, and it provided as exclusive a vehicle for asserting section 1983 claims against governmental bodies

and employes as it did for bringing any other tort claims against them.

The closer and decisive question in this case, as we have indicated, is not whether OTCA applies by its terms to plaintiff's section 1983 claim, but whether the state is precluded by federal law from applying OTCA according to its terms in section 1983 actions. Judge Buttler answers that question by postulating that "[e]ntitlement to [punitive and unlimited compensatory] damages is a part of the federal right" and must accordingly accompany the federal claim when it is made in a state court. 88 Or App at 489.

Everyone agrees that OTCA places limits on damages which federal law does not impose in section 1983 claims tried in federal courts. The problem with Judge Buttler's reasoning is that it begins and ends with the proposition that federal and state law are different. However, that difference alone does not and cannot constitute preemption. There must also be an affirmative federal intent that its law prevail. As the United States Supreme Court stated in *California Federal S & L Assn v. Guerra,* 479 US ___, ___, 107 S Ct 683, 93 L Ed 2d 613, 623 (1987), "In determining whether a state statute is pre-empted by federal law and therefore invalid under the Supremacy Clause of the Constitution, our sole task is to ascertain the intent of Congress."

If the issue in this case were whether punitive damages are an appropriate remedy for violations of federal rights, we might agree with Judge Buttler. However, that is *not* the issue. The question before us is whether section 1983, as it has been construed, was intended by Congress to displace a state statute which limits the monetary remedies which the state's courts may afford. For the reasons stated in *Nelson v. Lane County, supra,* and restated here, there is no basis for the conclusion that section 1983 was intended to be preemptive when it was enacted or has been made so by later judicial interpretations.

Striking of attorney fees allegations reversed; judgment otherwise affirmed and remanded for proceedings not inconsistent with this opinion.

**BUTTLER, J.,** concurring in part; dissenting in part.

Because I believe that plaintiff is entitled to maintain an action against the individual defendants under 42 USC § 1983 and that the state may not impose limits on the damages that he may seek against them that are inconsistent with the federal law, I dissent. I concur with the majority's holding that federal law controls with respect to attorney fees.

To understand the problem more fully, it is useful to note that plaintiff's second claim against the county and city, which has not been dismissed, does not state a claim under section 1983 against either of those defendants. Municipalities may be sued directly under section 1983 only if the alleged unconstitutional act was taken pursuant to official municipal policy. *Monell v. New York City Dept. of Soc. Serv.,* 436 US 658, 98 S Ct 2018, 56 L Ed 2d 611 (1978). Plaintiff concedes that his claim against the county and city rests solely on the doctrine of *respondeat superior.* He must, therefore, rely on ORS 30.265(1), which provides that public bodies are liable for the torts of their officers, employes and agents acting within the scope of their employment or duties. Accordingly, his claim against Multnomah County and the City of Gresham arises under state law and is subject, without qualification, to the damage limitations in the Oregon Tort Claims Act. *See Rosacker v. Multnomah County,* 43 Or App 583, 603 P2d 1216 (1979), *rev den* 289 Or 45 (1980).

Plaintiff's claim against the five individual defendants, the only claim that is before us, is quite different. His section 1983 remedy is federally created and exists independently of any state right; it preexisted OTCA and could have been asserted against the individual defendants, who would not have been immune from liability before OTCA. *See Smith v. Pernoll,* 291 Or 67, 628 P2d 729 (1981). The narrow question is whether the state may impose limitations on the section 1983 remedy when the action is brought in a state court.

Defendants' sole argument, to which the majority does not respond, is that the limitations in the OTCA are jurisdictional and that the state courts, therefore, lack jurisdiction over claims that exceed the statutory limitations on liability, ORS 30.270, because the Supremacy Clause cannot

be used to create or enlarge a state court's jurisdiction. They rely on the Tenth Amendment to the United States Constitution.[1] Although there appears to be no authority requiring a state court to entertain jurisdiction over the federal claim, a state court must do so if the same type of claim, if it arose under state law, would be enforced in the state court. *Martinez v. California,* 444 US 277, 100 S Ct 2502, 62 L Ed 2d 481 (1980); *Testa v. Katt,* 330 US 386, 67 S Ct 810, 91 L Ed 967 (1947). It is clear that plaintiff's claim against the individual defendants is of a type that would be enforced in Oregon courts under OTCA, albeit with a limitation on their liability that is not imposed by Congress or the federal courts on the federal claim.

OTCA does not purport to be a jurisdictional statutory scheme. It does not, as defendants contend, create a new right and grant "the courts jurisdiction to hear a certain class of claims." Rather, as the court explained in *Bradford v. Davis,* 290 Or 855, 860, 626 P2d 1376 (1981):

> "Actions under the Tort Claims Act are tort actions, not special statutory causes of action created by that Act. ORS 30.265 provides that 'every public body is liable for *its torts* and those [i.e., the *torts*] of its officers, etc.' In other words, ORS 30.265 (1) withdraws governmental immunity from tort actions, with the exceptions stated * * *." (Emphasis in original.)

The act did not create new causes of action; it removed a bar to the bringing of tort actions against public bodies. Their employes, however, had not been immune from liability before the enactment of OTCA, except for the negligent performance of discretionary functions. *See Smith v. Pernoll, supra.* The effect of OTCA is to impose limits, which did not exist before its entactment, on the liability of employes when they are acting within the course and scope of their employment. Oregon courts had jurisdiction over section 1983 claims before OTCA, and that act did not change that jurisdiction.

It is clear to me that plaintiff's first claim is brought under section 1983 and that his second claim is brought under OTCA. Whether his allegation that he gave notice under

---

[1] US Const, Amend X, provides:

"The powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States respectively, or to the people."

OTCA, ORS 30.275, was necessary under his first claim is not before us. It *is* necessary under his second claim. All of his arguments make it clear that he relies on federal law for his first claim. Because we are concerned only with the 1983 claim, I would hold that plaintiff may maintain that action free of the limits imposed by OTCA. In deciding to the contrary, the majority relies on our reasoning in *Nelson v. Lane County,* 79 Or App 753, 720 P2d 1291 (1986), *aff'd* 304 Or 97, 743 P2d 692 (1987), although it recognizes that, given the Supreme Court's opinion, 304 Or at 111, it has no precedential value.

We said in *Nelson* that there was no basis for concluding that section 1983 preempts OTCA with respect to punitive damages. However, punitive damages may be recovered in a section 1983 action if the defendant's conduct meets a federal common law standard.[2] *Smith v. Wade,* 461 US 30, 103 S Ct 1625, 75 L Ed 2d 632 (1983). Entitlement to such damages is a part of the federal right. Because the federal right may be asserted in state courts, the state court must entertain the action without imposing state limitations. As in *Testa v. Katt, supra,* where the state's policy was not to enforce penal statutes in excess of double damages, Oregon's policy is not to permit punitive damages under OTCA. Oregon does, however, permit punitive damages in analogous cases, such as assault, not under OTCA. *Belanger v. Harsch,* 262 Or 208, 497 P2d 667 (1972). Plaintiff has alleged that the individual defendants' conduct violated his federal constitutional rights; he does not rely on any state-created rights. Defendants do not contend that the allegations of the complaint are not sufficient to state a section 1983 claim. The state must entertain the claim without imposing restrictions on the amount of damages or refusing to permit punitive damages.

Because there are no limits on the amount that can be claimed in a section 1983 claim and, because that claim may include punitive damages, the provisions of OTCA are in conflict with the federal right, just as much as the claim for attorney fees is in conflict with OTCA's failure to provide for them, which the majority concedes. Under the circumstances,

---

[2] Apparently, federal courts have been developing federal common law applicable for section 1983 claims. *See Procunier v. Navarette,* 434 US 555, 98 S Ct 855, 55 L Ed 2d 24 (1978) (qualified immunity for prison officials and officers).

section 1983 preempts OTCA under the Supremacy Clause, *California Federal S. & L. Assn. v. Guerra,* 479 US ___, 107 S Ct 683, 93 L Ed 2d 613 (1987), with respect to *all* of those claims, not only the claim for attorney fees. *Cf. Martinez v. California, supra.*[3]

In short, I conclude that when a section 1983 claim is brought in a state court, the court must enforce the claim, including all of the remedies that are a part of the claim under federal law. Accordingly, I believe that the trial court erred in granting the individual defendants' motion to strike and in entering judgment dismissing plaintiff's first claim.

Rossman and Newman, JJ., join in this opinion.

**YOUNG, J.,** dissenting.

There is a straightforward resolution to the problems presented by this case. Simply stated, a violation of 42 USC § 1983 was actionable in Oregon courts before the Oregon Tort Claims Act (OTCA) was amended to define "tort" to include section 1983 claims. Or Laws 1975, ch 609, § 12. That amendment did not affect the jurisdiction of state courts; rather, it created an alternative basis, with alternative benefits and detriments, for bringing a section 1983 claim. The damages that are recoverable depend on the course that a plaintiff chooses to follow.

Circuit courts are courts of general jurisdiction. Or Const, Art VII (Original), § 9. District courts have jurisdiction in cases seeking only the recovery of money or damages up to a jurisdictional limit. ORS 46.060(1)(a). The jurisdiction of those courts includes jurisdiction over federally-created claims, unless Congress provides otherwise. *Testa v. Katt,* 330 US 386, 391, 67 S Ct 810, 91 L Ed 967 (1947). Section 1983 claims come under that rule. *Martinez v. California,* 444 US

---

[3] The Court in *Martinez* footnoted the following quotation:

" 'Conduct by persons acting under color of state law which is wrongful under 42 USC § 1983 or § 1985(3) [42 USCS § 1983 or § 1985(3)], cannot be immunized by state law. A construction of the federal statute which permitted a state immunity defense to have controlling effect would transmute a basic guarantee into an illusory promise; and the supremacy clause of the Constitution insures that the proper construction may be enforced. *See McLaughlin v. Tilendis,* 398 F2d 287, 290 (7th Cir 1968). The immunity claim raises a question of federal law.' *Hampton v. Chicago,* 484 F2d 602, 607 (CA7 1973), *cert denied* 415 US 917, 39 L Ed 2d 471, 94 S Ct 1413, 94 S Ct 1414." 444 US at 284 n 8.

277, 283 n 7, 100 S Ct 553, 62 L Ed 2d 481 (1980). The 1975 amendment to ORS 30.265 did not create state court jurisdiction over section 1983 cases; neither did it remove any immunities which previously existed. 444 US at 284 n 8. A state court was as available to a plaintiff asserting a section 1983 claim after the 1975 amendment as it was before the amendment. Because section 1983 is a federal remedy for the violation of a federal right, an Oregon court must apply federal law in actions brought under it, including federal damages rules. *See, e.g., Blankenship v. Union Pacific Railroad Co.*, 87 Or App 410, 742 P2d 680 (1987); *Rea v. Union Pacific Railroad Co.*, 87 Or App 405, 742 P2d 678 (1987) (Federal Employers Liability Act).

That the inclusion of 42 USC § 1983 in the OTCA as a tort did not give Oregon courts their first jurisdiction over such claims does not make the legislature's action meaningless. Under federal law, as it existed in 1975, only individuals were liable for section 1983 violations; a plaintiff could not sue a governmental body under that section, no matter how direct in the incident the body's involvement. *Monroe v. Pape,* 365 US 167, 81 S Ct 473, 5 L Ed 2d 492 (1961). Although the Supreme Court partially overruled *Monroe* in 1978, governmental liability under section 1983 still requires that the claimed violation be based on an official governmental policy or custom. *Respondeat superior* is not a basis for governmental liability under section 1983. *Monell v. New York City Dept. of Soc. Serv.,* 436 US 658, 98 S Ct 2018, 56 L Ed 2d 611 (1978).

The OTCA, in contrast, is based on *respondeat superior.* Under it the governmental employer must indemnify and defend its employes; only the employer is liable to pay the plaintiff's damages. ORS 30.265(1); ORS 30.285. Accordingly, we have held that a plaintiff may recover on a section 1983 claim under the OTCA from governmental units without meeting the federal requirements for that liability; the OTCA has "imposed vicarious liability on public bodies for their agents' violation of § 1983." *Haase v. City of Eugene,* 85 Or App 107, 110, 735 P2d 1258 (1987).

In short, there were two 42 USC § 1983 claims available in Oregon when the incident of which plaintiff complains

occurred.[1] The federal claim was available because of the jurisdiction of Oregon trial courts to hear and resolve alleged violations of federal rights. A court hearing that kind of claim would necessarily apply federal law, including federal law concerning who is liable and what damages and attorney fees the plaintiff may recover. The other section 1983 claim is under the OTCA. That claim modifies section 1983 law by eliminating individual liability and using *respondeat superior* as the basis for governmental liability; in return, plaintiff must follow OTCA notice procedures and must accept the OTCA's limitations on the amount of damages, including the prohibition of punitive damages. ORS 30.270(2).

The final question is which claim plaintiff intended to assert. In his complaint, he alleges that he gave OTCA notice within the appropriate time. That allegation suggests that he was bringing the claim under the OTCA. On the other hand, his arguments, both at the trial court and on appeal, rely on his assertion that federal law controls his section 1983 rights. It appears that plaintiff, like the other opinions by my colleagues, confused the federal and OTCA claims. Accordingly, I would reverse and remand so that plaintiff may plead the claims he wishes to assert in the light of this opinion.

I respectfully dissent.

---

[1] We need not decide in this case whether a section 1983 violation is still a tort under the OTCA despite the 1985 amendment to ORS 30.265(1). Or Laws 1985, ch 731, § 31.