Argued and submitted November 24, 1986, resubmitted In Banc October 7, affirmed December 9, 1987, reconsideration denied February 5, petition for review allowed March 22, 1988 (305 Or 433)

SANOK et al,
*Appellants,*

*v.*

GRIMES et al,
*Respondents.*

(83-771CV; CA A36263)

746 P2d 725

Jay R. Jackson, Salem, argued the cause and filed the briefs for appellants.

Stanley Jones, Klamath Falls, argued the cause for respondents. On the brief were Robert F. L. Trotman and Giacomini, Jones & Trotman, Klamath Falls.

WARDEN, J.

Buttler, J., specially concurring.

Young, J., concurring in part; dissenting in part.

## WARDEN, J.

This action for damages is generally subject to the Oregon Tort Claims Act (OTCA), ORS 30.260 to ORS 30.300, and 42 USC § 1983.[1] Plaintiffs allege that defendants committed certain torts in their official capacities and that plaintiffs' constitutional rights were violated as a result. The trial court granted defendants' motion for a directed verdict after a segregated trial that dealt only with the issues of whether notice under OTCA had been given and whether plaintiffs' claims were time-barred. Plaintiffs appeal, and we affirm.

The amended complaint asserts three claims.[2] The first alleges that, on May 18, 1981, defendant Grimes, as Klamath County Assessor, sent a notice to plaintiffs that certain property that they owned was being removed from the forest-land tax status (and would thus be subject to higher taxes) and that that notice was held by the Oregon Tax Court to be fatally defective, because it failed to conform to the statutory mandate that the reasons for removal be specified.[3] The claim asserts that Grimes violated plaintiffs' constitutional rights guaranteed by the Fifth and Fourteenth Amendments by sending them the notice. The second claim alleges that Grimes negligently sent the notice and that "he failed to act to correct" the condition imposed on plaintiffs' property by the notice. The third claim alleges that, on September 21, 1981, defendants, in their official capacities, prepared a report for an Oregon Department of Revenue hearing in which they deliberately misrepresented some evidence in order to prejudice plaintiffs' case. All three claims are raised under both OTCA and section 1983.

---

[1] 42 USC § 1983 provides:

"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

When this action began, ORS 30.265(1) provided that, the definition of a "tort" for purposes of the OTCA included "any violation of 42 USC § 1983." It has since been amended by Or Laws 1985, ch 731, § 31 and Or Laws 1987, ch 705, § 7.

[2] For background on this case, *see Sanok v. Grimes,* 294 Or 684, 687-688, 662 P2d 693 (1983).

[3] Plaintiffs reference is to an unpublished opinion of the Oregon Tax Court on remand from the Supreme Court in *Sanok v. Grimes, supra* n 2.

OTCA claims require that plaintiffs comply with ORS 30.275, which provides, in pertinent part:

"(1) No action arising [under OTCA] shall be maintained unless notice of claim is given as required by this section.

"(2) Notice of claim shall be given within the following applicable period of time * * *:

"* * * * *

"(b) For [claims other than wrongful death], within 180 days after alleged loss or injury.

"* * * * *

"(5) Formal notice of claim shall be given by mail or personal delivery:

"(a) If the claim is against the state or an officer, employe or agent thereof, to the office of the Director of the Department of General Services.

"(b) If the claim is against a local public body or an officer, employe or agent thereof, to the public body at its principal administrative office, to any member of the governing body of the public body, or to an attorney designated by the governing body as its general counsel.

"(6) Actual notice of claim is any communication by which any individual to whom notice may be given as provided in subsection (5) of this section or any person responsible for administering claims on behalf of the public body acquires actual knowledge of the time, place and circumstances giving rise to the claim, where the communication is such that a reasonable person would conclude that a particular person intends to assert a claim against the public body or an officer, employe or agent of the public body. A person responsible for administering claims on behalf of a public body is one who, as an officer, employe or agent of a public body or as an employe or agent of an insurance carrier insuring the public body for risks within the scope of ORS 30.260 to 30.300, engages in investigation, negotiation, adjustment or defense of claims within the scope of ORS 30.260 to 30.300, or in furnishing or accepting forms for claimants to provide claim information, or in supervising any of those activities.

"(7) In an action arising [under the OTCA], the plaintiff has the burden of proving that notice of claim was given as required by this section."

At trial, plaintiff Barbara Sanok testified that she had told defendants Grimes, Huntsman and Barrett that she

was going to sue them. Plaintiffs contend that that oral communication to those defendants constitutes the required notice. It does not because, even assuming that it was otherwise adequate, it was not to a "member of the governing body" of Klamath County or "an attorney designated by the governing body as its general counsel," ORS 30.275(5)(b), or to a "person responsible for administering claims on behalf of the public body." ORS 30.275(6).

■    Plaintiffs also contend that the filing of their claim in the Oregon Tax Court on January 28, 1982, constituted the requisite notice under ORS 30.275(3)(c), which provides:

> "Notice of claim * * * is satisfied by * * * [c]ommencement of an action on the claim by or on behalf of the claimant within the applicable period of time * * *."

Assuming that these defendants were served in that proceeding, the filing in the tax court was not the "commencement of an action on the claim" within the meaning of ORS 30.275(3)(c). That proceeding was not an action for damages, which is "the claim" involved here.

■    We next consider whether the notice requirements of ORS 30.275 apply to plaintiffs' section 1983 claims.[4] In *Nelson v. Lane County,* 79 Or App 753, 720 P2d 1291 (1986), *aff'd* 304 Or 97, 743 P2d 692 (1987), we held that the proscription of punitive damages in ORS 30.270 applies to section 1983 claims brought under OTCA. We concluded that, even though the United States Supreme Court had construed section 1983 to permit punitive damages, there is

> "no basis for concluding that Congress intended section 1983 to preempt the Oregon statutory direction that its courts not award punitive damages in actions against its employes for torts committed in the performance of their duties." 79 Or App at 766.

The Oregon Supreme Court, however, concluded that we need not have reached the punitive damages issue, 304 Or at 111,

---

[4] In *Maddox v. Clac. Co. Sch. Dist. No. 25,* 293 Or 27, 35, 643 P2d 1253 (1982), the Supreme Court expressly declined to decide whether the OTCA notice requirement could be imposed in a section 1983 claim brought in state court. Additionally, we need not address the issue of whether, in the light of *Martinez v. California,* 444 US 277, 284 n 8, 100 S Ct 553, 62 L Ed 2d 481 (1980), the notice requirements can be applied to a section 1983 claim brought under OTCA, because that issue was neither raised below nor presented to us in the parties' briefs or oral argument.

and our holding in *Nelson* thus has no precedential value. However, we hold in *Rogers v. Saylor,* 88 Or App 480, 746 P2d 718 (1987) that our holding and reasoning in *Nelson* are correct. The reasoning in *Nelson* applies equally to the issue of whether the notice requirements of ORS 30.275 apply to plaintiffs' section 1983 claims, and we accordingly hold that they do apply. Because plaintiffs have failed to prove compliance with ORS 30.275, we affirm the directed verdict.[5]

Affirmed.

**BUTTLER, J.,** specially concurring.

Although I agree with the result reached by the majority, I do not agree that our reasoning in *Nelson v. Lane Co.,* 79 Or App 753, 720 P2d 1291 (1986), *aff'd* 304 Or 97, 743 P2d 692 (1987), resolves the issue of whether the OTCA notice required by ORS 30.275 applies to a section 1983 claim. I would hold that the notice is a procedural requirement when a public official is sued in his or her official capacity, and that a plaintiff in a section 1983 case filed in a state court must comply with the state's procedural requirements. Certainly the pleadings and service of process must comply with ORCP and the action must be filed within the applicable state Statute of Limitations, *see Wilson v. Garcia,* 471 US 261, 105 S Ct 1938, 85 L Ed 2d 254 (1985), even though section 1983 contains none of those requirements.

Newman, J., joins in this specially concurring opinion.

**YOUNG, J.,** concurring in part, dissenting in part.

I concur in the majority's opinion except for its holding that the notice requirements of ORS 30.275 apply to plaintiff's claims under 42 USC § 1983. For the reasons given in my dissenting opinion in *Rogers v. Saylor,* 88 Or App 480, 746 P2d 718 (1987), I would reverse and remand those claims to the extent that they are brought under federal law rather than under the Oregon Tort Claims Act.

---

[5] Because of our disposition of this case on the issue of notice, we need not decide whether the statute of limitations had run on plaintiffs' claims.